## Knight's Admr. v. Illinois Central Railroad Co.

(Decided May 2, 1911.)

### Appeal from Ballard Circuit Court.

Motion to Dismiss Action—Refusal—Bringing New Action—Effect of Delay—The plaintiff having entered a motion to dismiss an action without prejudice with a view to bringing a new suit, and the court having refused to allow the action to be dismissed until reversed on appeal, the time elapsing after the plaintiff moved

to dismiss the action and until it was dismissed, is not to be counted in the time allowed by the statute for bringing an action. The new suit having been brought within the statutory time omitting the period referred to, is in time.

J. B. WICKLIFF for appellant.

ROBBINS & THOMAS, B. F. SIVLEY, TRABUE, DOOLAN & COX and CORBETT & WHITE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

This action was brought by the personal representative of Wright Knight against the Illinois Central Railroad Company to recover damages for his death, it being alleged in the petition that he was killed by the negligence of the defendant on April 4, 1909. The petition was filed November 22, 1910. The defendant, by its answer, pleaded among other things, the one year statute of limitation, the action having been brought about eighteen months after the death of the intestate. The plaintiff filed a reply to the plea of limitation to which the circuit court sustained a demurrer, and the plaintiff failing to plead further, dismissed the action. The plaintiff appeals.

The facts admitted upon the demurrer are these: In April, 1909, the plaintiff as personal representative of Knight, filed an action in the Ballard Circuit Court against the railroad company to recover for his death, fixing the damages at $10,000. The defendant filed a petition, and on its motion the action was removed to the Circuit Court of the United States. It came on for trial in the United States Circuit Court at the November term, 1909, and at the conclusion of the plaintiff's evidence, the defendant moved the court to instruct the jury to find for the defendant. The court thereupon allowed the jury to go until the next morning and heard argument upon the motion. At the conclusion of the argument that afternoon, the court announced that he would sustain the motion, and that the jury would be directed to find for the defendant upon the convening of court the next day. When the court met the next morning the plaintiff entered a motion to dismiss the case without prejudice. The defendant objected. The court being of opinion that the motion came too late refused to permit the plaintiff to dismiss the action without prejudice and

instructed the jury to find for the defendant. The jury having returned a verdict for the defendant, a judgment was entered dismissing the petition. The plaintiff appealed to the United States Circuit Court of Appeals, and in that court about ten months afterwards, the judgment was reversed and the cause remanded to the circuit court with directions to sustain the plaintiff's motion to dismiss the case without prejudice. On the filing of the mandate the case was then dismissed without prejudice, and as soon as that was done, the plaintiff brought the suit which is now before us in the Ballard Circuit Court on the same cause of action fixing the damages at $2,000. While more than a year had elapsed from the death of the decedent to the bringing of the second action, less than a year had elapsed if the time is excluded which elapsed from the overruling of the plaintiff's motion in the United States Circuit Court to dismiss the case without prejudice, to the final dismissal of that case under the mandate of the United States Circuit Court of Appeals. It is insisted for the plaintiff that he could not bring a new suit while the judgment of the United States Circuit Court dismissing his action was in force; that the defendant procured this judgment and that as he was prevented from suing so long as the judgment was in force, the time that so elapsed should not be counted against him. Section 2544, Ky. Stat., is as follows:

"In all cases where the doing of an act necessary to save any right or benefit is restrained or suspended by injunction or other lawful restraint, vacancy in office, absence of an officer, or his refusal to act, the time covered by the injunction, restraint, vacancy, absence, or refusal to act, shall not be estimated in the application of any statute of limitations."

If the United States Circuit Court had sustained the plaintiff's motion to dismiss his action at the time it was made, the plaintiff might then have brought a new suit as only about eight months had elapsed after the death of his decedent. The refusal of the court to act and the judgment which he entered was a lawful restraint preventing the plaintiff from instituting the action which he afterwards instituted as soon as that restraint was removed. The circuit court of the United States refused to dismiss the action and until he dismissed it the plaintiff could not bring a new suit in the

State court. There was a refusal to act and the time of such refusal can not be estimated in the application of the statute of limitations. The purpose of the statute is to exclude the time during which by any legal impediment the plaintiff is prevented from suing. It must be liberally construed with a view to promote its purpose. (Ky. Stat., section 460, the defendant procured the legal impediment and by this course on its part, prevented plaintiff from suing during the time the judgment of the United States Circuit Court was in force. To say that the plaintiff can not now sue would be to hold that the defendant has acquired a better position by reason of the erroneous judgment it procured than it would occupy if it had not procured the erroneous judgment. A judgment which has been reversed is as though it had never been, and the court should not allow the party who procured it to retain an advantage gained by reason of it, and thus profit by his own wrong. The statute was aimed to protect litigants in just such cases. Limitation is entirely a matter of statute, and the statute that creates a bar, may provide the exception. The exception here seems to us both wise and just.

Judgment reversed and cause remanded for further proceedings consistent herewith.