## Pitman v. Nannie Doan and James Doan.

(Decided May 18, 1917.)

### Appeal from Rockcastle Circuit Court.

1. Contracts—Agreement of Daughter to Provide for Her Mother.—In a case where the mother entered into a written contract with the daughter, whereby the daughter, in consideration of certain personal property and the use and occupancy of the homestead, agreed to diet, care for, and wait upon the mother during her life, the contract is a continuing one, and if the daughter fail to comply with the terms of the contract, the mother may procure entertainment elsewhere at the expense of the daughter.

2. Appeal and Error—Finding of Chancellor.—Where the evidence is conflicting, and this court is unable to determine from the record that the chancellor has committed prejudicial error, the finding and decree of the chancellor will not be disturbed.

C. C. WILLIAMS for appellant.

BETHURUM & LEWIS for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

On December 26th, 1912, George Pitman, then a resident of Rockcastle county, died intestate, leaving the appellant, Frances J. Pitman, his widow, and seven children surviving him. He owned and was possessed of a tract of land of one hundred acres, in that county. After his death his widow continued to live in the homestead. In February, 1915, the appellees, Nannie Doan and James Doan, with the widow's consent, moved into the

house with her. Nannie Doan is her daughter, and
James Doan is the husband of Nannie Doan. On March
10th, 1915, the widow, Frances J. Pitman, entered into a
written contract with her daughter, Nannie Doan,
whereby the widow agreed to allow her daughter, son-in-
law and their two children to occupy the homestead with
her during her natural life, and to have certain personal
property, including two mares, to be used in farming and
cultivating the place, in consideration of which her
daughter, Mrs. Doan, was to furnish the widow with
meals and take care of her, and nurse and wait upon her
during sickness. It was further agreed that certain
personal property was to pass to the daughter upon the
death of the widow. The widow had only a dower in-
terest in the place, and the daughter and son-in-law were
the owners of six-sevenths of the remainder in the land.
For a short time after this contract was entered into,
things went well, but before the end of the first year dif-
ferences arose between the mother on one side and the
daughter and son-in-law on the other, culminating in the
renunciation of the contract by the widow and her volun-
tary removal from the home. In June, 1915, the widow
instituted this action, whereby she sought to have the
written contract set aside and cancelled and herself ad-
judged entitled to the possession of the homestead and
the personal property mentioned in the contract, and
she placed in possession thereof. The crops were planted
at that time, and the defendants answered, setting up
the contract and claiming the personal property as their
own under the contract, and alleging that the widow left
the homestead without cause and over their objection,
and that they were ready, able and willing to perform
their part of the contract and were anxious to do so.
During the pendency of this action the widow instituted
a common law action, of the same style, which was in
form claim and delivery, for the immediate possession
of the personal property, and these two actions were con-
solidated and heard together. Issue was joined and
proof taken in depositions; that of the plaintiff, Mrs.
Pitman, conducing to prove that her daughter and son-
in-law were ill and contrary with her, and that they did
not provide comfortably for her; that she was furnished
with little to eat and no comforts; that she was, through
their harsh treatment and aggravating conduct, driven
from her home. On the other hand, the daughter and

son-in-law and their witnesses testify that the old lady was quarrelsome and possessed of a bad temper and, altogether was very hard to get along with; that they complied in all respects with the terms of their contract, provided her plenty to eat and a comfortable place to stay, and nursed her in sickness, and lived up to both the letter and spirit of the contract.

The consolidated cases being submitted upon the pleadings and proof, the circuit judge dismissed both actions, and from this judgment the widow appeals.

This is one of a great number of cases of similar nature which have come to this court, where a father or mother in consideration of support, care and attention, have conveyed property to a child, or children, and afterwards becoming dissatisfied with the transaction, have sought a cancellation of the contract, and as is usual in such cases, a disruption has occurred and bad feeling engendered. No doubt in this case, this mother devotedly loved her daughter, Mrs. Doan, until these business relations commenced, and it is likewise evident that the daughter loved the mother and was very considerate of her. Perhaps the estrangement, disagreement and discord, which have arisen, may largely be attributed to the intermeddling of other persons; some of it because of jealousy and enmity, but for which the mother and daughter would now be living harmoniously together. Much as we regret this state of affairs, we must meet it and deal with it as we find it. There is so much contradiction in the evidence; so much denial and counter statement that it is impossible for one, unacquainted with the character and temperament of the witnesses, to judge who is right and who is wrong. The chancellor, however, residing in that vicinity, and, no doubt, enjoying the privilege of a personal acquaintance with the witnesses and peradventure having to deal with the members of this family, and who saw and heard all of them testify, is in a much better position to know and appreciate the real conditions than are the members of this court who are away from the scene of action, and who do not have these advantages.

It is, therefore, found necessary, in cases like this, where the evidence is conflicting, to follow the salutary rule, which requires this court not to disturb the finding and decree of the chancellor if not able, from the evidence, to determine that prejudicial error has been

committed by him. This rule is well stated in Byassee v. Evans, 143 Ky. 418, where it is said:

"While in an equity case we will give judgment according to the weight of the evidence, and the truth as it shall appear from the whole record, when we find the evidence, as in this case, conflicting, and the questions of fact by reason thereof difficult of solution, some reliance should be placed in the circuit judge's acquaintance with the parties and witnesses and his consideration of the evidence; and if unconvinced by careful consideration of the record that he has erred to the prejudice of the substantial rights of the appellant, or on the whole case there is merely a doubt in our mind as to the correctness of the judgment, it will not be disturbed. Quigley v. Beams' Admr., 137 Ky. 325; Flowers, et al. v. Moorman & Hill, 27 R. 728; Campbell v. Trosper, 108 Ky. 602; Bank of Campbellsburg v. Minor, 30 Rep. 496; Akers v. Akers, 31 R. 36."

Following this rule, the judgment must be affirmed; but this must not prejudice the right of the widowed mother of Mrs. Doan to a full compliance with the terms of the contract introduced in evidence in this case. Mrs. Pitman may demand and is entitled to be furnished her meals and a comfortable room in her old home, and in case of sickness, to be nursed and waited upon by her daughter, Mrs. Doan, and this must be accompanied by kind and considerate treatment. There should be an amicable, harmonious adjustment of the whole affair, bounteously interspread with parental consideration and filial love. In case this does not prevail, and should the daughter, Mrs. Doan, fail to perform the conditions of the contract and hold herself ready at all times to comply with its terms, both in letter and in spirit, the mother, Mrs. Pitman, may procure meals, lodging and attention elsewhere, such as is contemplated by the contract, and an action will lie against Mrs. Doan for the reasonable and fair cost thereof. This is a continuing contract, and there is ample remedy for a violation of its terms.

Perceiving no prejudicial error in the record, judgment is affirmed.