## Crawford v. Riddle et al.

(Decided January 15, 1932.)

D. G. BOLEYN for appellant.

J. T. BOWLING, for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—Reversing.

In January, 1927, the appellant, E. L. Crawford, brought suit against Estill Riddle, Dave Riddle, Della Riddle, and Julia Riddle, on a claim he had against Estill Riddle for $750, interest and cost, arising out of his payment as surety for Estill Riddle of an obligation of the latter to the Hargis Commercial Bank & Trust Company. His claim against Estill Riddle was for reimbursement and against Julia Riddle because of an alleged assumption by her in the transfer to her of certain realty by Estill Riddle, her son, of this obligation of Estill Riddle to reimburse the appellant for what the latter had paid out for Estill Riddle as his surety. By this suit, the appellant also sought to enforce a lien he claimed to have against lots 24, 25, 26, and 27 of the S. M. Boggs addition to the city of Hazard to secure him in the payment of the claim he had against Estill Riddle. The lien he asserted against lots 24 and 25 arose out of an alleged

indemnifying mortgage which appellant alleged was executed to him by Estill Riddle, Dave Riddle, and the latter's wife, Della Riddle. The lien he asserted against lots 26 and 27 arose, as he alleged, out of and because of the conveyance of those lots by Estill Riddle to his mother, Julia Riddle, and her assumption of Estill Riddle's obligation to reimburse the appellant for what he had been compelled to pay the Commercial Bank & Trust Company as Estill Riddle's surety. On the 18th day of March, 1927, judgment was entered in accordance with the prayer of the appellant's petition, and the four lots were ordered sold to satisfy the appellant's claim. In April, 1928, Dave Riddle, Julia Riddle, and Della Riddle brought suit to set aside this judgment of March 18, 1927, on the ground that they had not been served with summons in that suit. Their petition to set aside the judgment also set up certain defenses they claimed to have to the appellant's asserted lien on the lots mentioned, and, in the case of Julia Riddle, against the personal judgment sought against her. On May 8, 1928, an agreed order was entered, setting aside the judgment of March, 1927, in so far as it affected Dave Riddle and Della Riddle. The action then seems to have proceeded to trial on the defenses interposed by Dave Riddle and Della Riddle to the asserted lien by appellant against the four lots in question and on the effort of Julia Riddle to set aside the personal judgment obtained against her in March, 1927. On the 5th day of February, 1929, and during the November, 1928, extended term of the court, a second judgment was entered in this litigation again adjudging the appellant a personal judgment against Estill Riddle and Julia Riddle as prayed for in appellant's petition, and further adjudging that the appellant, as against Dave Riddle and Della Riddle, as well as against Estill Riddle and Julia Riddle, had a lien on the four lots hereinbefore mentioned to secure him in the payment of the personal judgment awarded him against Estill Riddle and Julia Riddle. The judgment ordered these lots sold by the master commissioner to satisfy this personal judgment given appellant. On the 17th day of May, 1929, and during the term of the Perry circuit court then being held, the master commissioner, having theretofore sold the lots in question under the judgment of February 5, 1929, made a report of her sale which showed that Dave Riddle had become the purchaser of all four lots. This report having laid over for the requisite

time, it was, during this term, duly confirmed by the court. On the 25th day of January, 1930, and during the November, 1929, extended term of the Perry circuit court, it being a term subsequent to both the terms at which the judgment of February 5, 1929, had been entered, and the report of the sale and the confirmation of such sale had been filed and entered, the appellees, Dave Riddle and Della Riddle, moved the court to set aside so much of the judgment of February, 1929, and so much of the sale had thereunder, as affected lots 26 and 27, on the ground that the record showed appellant was not entitled to a lien on these two lots. The court sustained that motion and set aside the judgment and the sale had thereunder in so far as it affected said lots 26 and 27, and from this judgment of modification appellant prosecutes this appeal.

That the court was without power, after the terms at which the judgment of February 5, 1929, and the confirmation of the sale thereunder had become final, to set aside on motion either the judgment or sale, is elementary. The judgment was not void. The court had jurisdiction of the subject-matter and of the parties and even of the particular issue here involved, that is, whether or not appellant had a lien on lots 26 and 27, for appellant's right to a lien on any of the four lots was, as the court's judgment of February 5, 1929, indicates, vigorously contested. Whether the judgment was erroneous or not, it certainly was not void, and, this being true, it could, after the term at which it became final, be set aside only in the manner pointed out either by section 344 or section 518 of the Civil Code of Practice, and on the grounds allowed by such sections. A full discussion of this principle will be found in Bowles' Guardian v. Johnson, 218 Ky. 221, 291 S. W. 29, 31. We there said:

"It is well to note, before going further, that the judgment by which a sale is confirmed is a separate and distinct matter from the judgment under which the sale is made. When a man buys at a valid judicial sale, he thereby becomes a party to the action, and it is just as incumbent upon him to take notice of the proceedings thereafter as if he had been formally served with process. If he allows these proceedings to pass unheeded, if he files no exceptions, and allows the sale to be confirmed, he

is, after its, confirmation, in exactly the same position that a defendant is in when he allows a default judgment to be taken against him. After the sale is confirmed, and after the adjournment of the term of court at which it is confirmed, the court that entered the order confirming the sale is without power to vacate or modify it in any way, and, if no exceptions have been filed, there is no relief this court can give the purchaser if he appeals. If, after such a sale is confirmed, he discovers something which he did not know before, and the term of court at which the order of confirmation was made has ended, or 60 days have passed in courts of continuous session, his relief must be found under either section 518 or section 344 of the Civil Code.''

That the judgment of February 5, 1929, was a final judgment cannot be questioned. A similar judgment was held to be such in the case of Nolan's Ex'rs v. Nolan, 220 Ky. 613, 295 S. W. 893.

Since the appellees did not undertake to set aside the judgment of February, 1929, or the confirmation of the sale had thereunder by the methods or on the grounds pointed out either by section 344 or section 518 of the Civil Code of Practice, the court erroneously set aside that judgment, sale, and the order of confirmation.

Its judgment in so doing is reversed, with instructions to overrule the motion of the appellees to set aside such judgment, sale, and order of confirmation.