## Cleek v. Ryan's Ex'x et al.

Dec. 14, 1943.

188

C. C. Adams for appellant.

Sidney Gaines and John L. Vest and James C. Rogers for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

In the case of Federal Land Bank of Louisville v. Ryan's Ex'x, 289 Ky. 568, 159 S. W. (2d) 2, we directed the manner in which the real estate involved in the present case should be sold to settle the estate of John Ryan. The appellant, O. W. Cleek, became the purchaser of the property at the sale which was conducted as we directed. The Commissioner properly filed his report of sale, and in due course it was confirmed, no exceptions having been filed or taken thereto. A few months thereafter Cleek filed an action under section 518 of the Civil Code of Practice wherein he charged that the judgment and order of sale entered April 15, 1942, was invalid for the following reasons: (1) Mrs. Ryan, as executrix, filed her suit to settle her deceased husband's estate within less than six months after his will had been probated; (2) The allegations in Mrs. Ryan's petition were so indefinite as to obscure the identity of the party plaintiff, and also the capacity in which the plaintiff sued, because the caption of the petition recited Jessie Ryan as executrix of the will of John Ryan, Sr., whereas the prayer as to the order of reference to the master commissioner referred to the plaintiff as administratrix with the will annexed; (3) Since Mrs. Ryan renounced the will after she filed her action, she annulled her capacity to maintain a settlement suit; (4) The report of the guardian ad litem for the infant children was not sufficient; (5) The Federal Land Bank, one of the appellees herein, can not collect the sale bonds from Cleek, because it failed to file a cross-petition in the original action; (6) There was a failure of jurisdiction because of non-compliance with section 430 of the Civil Code of Practice in that there was no such representative as administratrix with the will annexed, and by her renunciation of the will Mrs. Ryan "abrogated all her connection therewith;" and (7) The Federal Soldiers' and Sailors' Civil Relief Act of 1940, 50 U. S. C. A. Appendix, sec. 501 et seq., was disregarded. A demurrer was sustained to Cleek's petition as amended, and, upon his failure to plead further, it was dismissed. He is urging reversal upon the aforementioned grounds.

The court had jurisdiction of the parties and of the subject matter, so the judgment was not void. Section 518 of the Civil Code authorizes a trial judge to vacate and modify a judgment after the expiration of the term at which it was entered upon the following grounds: (1) By granting a new trial as prescribed in section 344 of the Civil Code; (2) Where a defendant has been constructively summoned; (3) For misprisions of the clerk; (4) For fraud practiced by the successful party in the obtention of the judgment; (5) For erroneous proceedings against a person under disability, except coverture, if the condition of the defendant does not appear in the record nor the error in the proceedings; (6) For the death of one of the parties before judgment; (7) For unavoidable casualty or misfortune preventing the party from appearing or defending; (8) For errors in a judgment shown by an infant within 12 months after he arrives at full age; and (9) The discovery of a later will.

A comparison of the provisions of section 518 with the grounds urged for vacating the judgment in the action before us makes it apparent at once that Cleek's allegations are not sufficient to bring him within the scope of this section. When Cleek became the purchaser he became a party to the action, and it was incumbent upon him to take notice of the proceedings thereafter. He had ample opportunity to file exceptions to the Commissioner's report had he desired to do so; instead he allowed the proceedings to pass unheeded, and, as said in Bowles' Guardian v. Johnson, 218 Ky. 221, 291 S. W. 29, he placed himself in the same position as one who has allowed a default judgment to go against him. Under such a situation this Court can grant the purchaser no relief, even if an appeal be prosecuted from the judgment approving the sale. The purchaser is relegated to sections 344 and 518 of the Civil Code of Practice. See, also, Crawford v. Riddle, 241 Ky. 839, 45 S. W. (2d) 463, and Maynard v. Maynard, 292 Ky. 638, 167 S. W. (2d) 853. We have already pointed out that Cleek's allegations did not bring him within the provisions of section 518, so his cause must fail.

Judgment affirmed.