Daniel E. Fitzpatrick, J.
Plaintiff moves to confirm the report of Honorable Samuel S. Tripp, Special Referee, dated September 26, 1963 and thereupon to grant her original motion for an order directing Continental Casualty Company to pay her the arrears of alimony and child support to the extent of $800, as well as a counsel fee of $500 in connection with these proceedings, together with costs and disbursements.
*133 The defendant in opposing this motion has no quarrel with the facts found by the Special Referee, only with his conclusion. Since this case presents an interesting fact situation involving the application of the rule that the nature and purpose of alimony and child support are such as to negative the existence of the right of restitution or recoupment as would exist in the case of the reversal or modification upon appeal of an ordinary final judgment or order under section 5523 of the Civil Practice Law and Rules, formerly section 587 of the Civil Practice Act (Haas v. Haas, 271 App. Div. 107, 109), I shall set forth in full the following pertinent part of the Special Referee’s report:
“ The judgment of separation in plaintiff’s favor, dated April 17, 1950, required the defendant to pay $100 per week for plaintiff’s support and $150 per week for the support of seven minor children of the parties ‘ and in addition .thereto * * * all the carrying charges of premises 31-35 36th Street, including but not limited to taxes, water, interest on any mortgage or mortgages, heating, electricity, and all necessary repairs and replacements to the building and the equipment ’.
“ By an order dated September 21, 1961, plaintiff’s alimony was increased to $200 per week and the amount for child support was reduced to $50 per week for four minor children, two of the other three having attained their majority and another having passed away, and defendant’s obligation to pay the carrying charges of the house occupied by the plaintiff and the children was continued. Upon appeal by both parties, the foregoing order was modified to the extent of reducing to $100 per week plaintiff’s alimony and increasing to $100 a week the support and maintenance of the children, or a total of $200 weekly. The order of the Appellate Division, dated November 19, 1962, directed that the payments ‘ as changed are to begin with the entry of the order hereon ’. (17 A D 2d 973, 974.)
“By an order dated March 5, 1963, Mr Justice Holtzmaw further modified the judgment of separation by substituting a direction that the defendant pay $250 a month as rent for the plaintiff and for their children, retroactive to November 1,1962, in place of the original direction that defendant pay ‘ the carrying charges ’ on his house during its occupancy by the plaintiff and the children. In its memorandum decision (19 A D 2d 714) the Appellate Division directed that the judgment of separation be ‘ further modified, nunc pro tunc, as of November 1, 1962, as follows: (a) by striking out the provision directing defendant to pay all the carrying charges of the premises therein described; and (b) by substituting therefor a provision directing defendant to pay to plaintiff the sum of $150 per month for rent for suit *134 able living accommodations for herself and their infant children. Appeal from order of March 5, 1963 dismissed as academic. On this record, it is onr opinion that a fair and reasonable allowance for rent, in lien of the carrying charges on the house, is $150 a month rather than $250 a month. ’
“As of June 21, 1963, a short time prior to the foregoing modification by the Appellate Division, the defendant was fully paid up in respect to alimony, child support and the $250 monthly rent that he had been directed to pay by the order of Mr. Justice Holtzmait dated March 5, 1963. Between June 28 and July 26, 1963, five weeks of alimony and child support, at the rate of $200 per week, accrued. The $200 that was due on July 26,1963, however, was received by plaintiff’s attorney on July 29, 1963. It is the collection of the allegedly unpaid balance of $800 of alimony and child support that accrued during the foregoing five-week period that the plaintiff now seeks by resort to the surety bond filed by the defendant as security for payments due and to become due under the judgment dated April 17, 1950.
“ The defendant claims, however, that for the eight-month period between November 1,1962, through June 1,1963, he paid, pursuant to the order of Mr. Justice Holtzmau dated March 5, 1963, rent at the rate of $250 per month aggregating $2,000, or $800 more than the $1,200 the Appellate Division required him to pay, nunc pro tunc as of November 1,1962, at the rate of $150 per month. Stated differently, it is the position of the defendant that under the judgment of separation as last modified by the Appellate Division, he was required and did pay a total of $9,271.44 for the period in question and, consequently, he neither owes to the plaintiff nor is owed by her any sum for that period.
“ The plaintiff urges, however, that contrary to settled law, the defendant has obtained restitution of the $800 overpayment of rent by failing to pay the plaintiff four weeks’ alimony and child support aggregating $800.
“It is well settled that neither directly by restitution nor indirectly by recoupment may a husband recover alimony, permanent or temporary, already paid to his wife pursuant to judicial fiat subsequently reversed or modified. (Griffin v. Griffin, 219 App. Div. 370; Haas v. Haas, 271 App. Div. 107, 109; Rosenfield v. Rosenfield, 285 App. Div. 817; Weitz v. Weitz, 1 A D 2d 1025; Baker v. Baker, 17 A D 2d 924.) While mathematically the defendant has paid the plaintiff all that the judgment as ultimately modified obligated him to pay, this result was effected by his taking a credit of $800 against the subsequently accrued four weeks’ alimony and support. By whatever name this is *135 called, the net result is that the defendant, by unilateral action, has obtained restitution of his overpayment of $800.
“ It is true that the Appellate Division’s reduction of the rent to $150 per month was ‘ nunc pro tunc as of November 1, 1962,’ but so was Special Term’s substitution of $250 a month rent in place of the original direction to pay the carrying charges, retroactive to November 1, 1962. The Appellate Division made no attempt to direct restitution or to undo what the defendant may already have done. The appellate court did not even touch upon that question, one which the defendant could have preserved by obtaining a stay of the order of March 5, 1963, from which he had taken an appeal. Having failed to do this the defendant is in the same position as if he sought restitution of the overpayment of alimony.
“ Since the defendant could not lawfully credit his $800 overpayment against the alimony and child support in that amount that accrued on June 28, July 5, 12 and 19”, 1963 — subsequent to the modification which resulted in the overpayment- — -I find that he is in arrears in the payment of alimony and child support totaling $800 for the foregoing four weeks.”
Defendant urges that ‘ ‘ the ultimate conclusion of the Special Referee, that your deponent was obligated to pay an additional Eight Hundred ($800.00) Dollars, was erroneous, and was outside the limits of the Order of reference. This ultimate conclusion was based not upon any resolution of the facts, but upon the learned Special Referee’s own interpretation of legal, rather than factual, questions; upon his unilateral determination of precedent rather than the dollars and cents issue referred to him by this Court. ’ ’
The order dated September 9, 1963 referred to the Special Referee to hear and report upon “ the factual question raised by defendant’s allegation of payment.” It is clear, however, that in the circumstances presented, that question could not be resolved in a legal vacuum, as indeed both counsel recognized by submitting extensive legal memoranda to the Special Referee before he made his report. The ultimate conclusion reached by him and the well-considered reasons underlying it are fully supported by the evidence and the law. If any doubt existed about the correctness of the Special Referee’s so-called ‘‘ ultimate conclusion ”, such doubt has been dispelled by the Appellate Division. Upon the defendant’s own motion to resettle the order of that court dated July 1, 1963 (19 A D 2d 714, supra) made subsequent to the filing of the Special Referee’s report, copies of which were mailed to the attorneys for both parties, *136 the appellate court rendered the following decision (19 A D 2d 890): “ Motion by appellant to resettle order of this court, dated July 1, 1963, so as to direct restitution to him of his overpayments for rent from November 1, 1962 to the date of said order, and so as to grant other incidental relief. Motion denied in toto. On the court’s own motion, said order of July 1,1963, is resettled so as to provide that the reduction of rent from $250 to $150' a month shall be effective nunc pro tunc as of July 1,1963 (instead of Nov. 1, 1962). The decision of this court (ante, p. 714), rendered July 1, 1963, is amended accordingly.”
Accordingly, the report of the Special Referee dated September 26, 1963 is in all respects adopted and confirmed by this court.
The defendant urges further that because the surety’s bond dated December 21, 1961 was conditioned upon the defendant making ‘ ‘ payments due and to become due under the judgment dated April 17, 1950 as modified by order dated September 21, 1961 ”, this undertaking does not secure payments that became due under the judgment as amended by subsequent orders of modification. He overlooks the fact that it is to secure payment under the same judgment of separation that the undertaking was given, limited only by the provision that the surety’s “ liability hereunder shall not exceed the sum of $10,000.” The effect of section 1170 of the Civil Practice Act, now sections 236 and 240 of the Domestic Relations Law, is to write a reservation of continued jurisdiction over incidental subject matter into every judgment in actions therein enumerated. (Fox v. Fox, 263 N. Y. 68, 70; Hoops v. Hoops, 292 N. Y. 428, 432-433.) Accordingly to the extent not to exceed the total sum of $10,000, the surety bond assures payment of alimony and child support under the judgment of separation dated April 17, 1950, no matter when it may have been duly modified by court order. (Cf. Mazer v. Mazer, 276 App. Div. 733, mod. on other grounds 301 N. Y. 774; Myers v. Myers, 131 Misc. 318, affd. 225 App. Div. 776.)
The plaintiff’s original motion is accordingly granted to the extent of directing the surety to pay the plaintiff the sum of $800, with interest thereon from July 26, 1963, the order to provide (as requested by the surety) that the bond penalty shall be reduced by the amount of such payment. The plaintiff is allowed the sum of $150, the reasonable expenses of this proceeding, payable by the defendant within 10 days of the service upon him of a copy of the order hereon with notice of entry (Domestic Relations Law, § 238, formerly Civ. Prac. Act, § 1172-d).