**James F. CLAY, Jr.,**
**Appellant/Cross-Appellee,**

v.

**Sue Bandy CLAY,**
**Appellee/Cross-Appellant.**

Court of Appeals of Kentucky.

April 4, 1986.

Theodore H. Lavit, Lebanon, for appellant/cross-appellee.

P. Joseph Clarke, Danville, for appellee/cross-appellant.

Before GUDGEL, MILLER and WILHOIT, JJ.

MILLER, Judge.

The parties to these actions were divorced in June, 1978. Appellee/cross-appellant, Sue Bandy Clay, was awarded custody of the four children born of the marriage, and appellant/cross-appellee, James F. Clay, Jr., was ordered to pay $300.00 per month for support of two children. The two elder children are now emancipated. In June, 1983, the trial court ordered an increase in child support to $500.00 per month but failed to make specific findings of fact pursuant to CR 52.01. On appeal, the judgment of the Boyle Circuit Court was vacated and remanded for the trial court to enter a new judgment. In May, 1985, the trial judge, after making extensive findings of fact, ordered appellant to pay $300.00 per month support for the two children but refused to give him a credit (restitution or recoupment) of $200.00 per month for the amount he overpaid since the order of June, 1983. He appeals.

■ The question is whether the reversal or vacation of a child-support decree gives the payor the right of restitution or recoupment for amounts previously paid. Noting that support payments cannot be superseded (*Franklin v. Franklin*, 299 Ky. 426, 185 S.W.2d 696 (1945); CR 73.04), appellant contends he was forced to make the higher payments or suffer possible jailing for contempt. KRS 432.280. Consequently, a denial of restitution or recoupment after a successful appeal essentially denies him a right to appeal. Ky.Const. § 115. The question is not insignificant. Because child-support payments seem to be treated differently than satisfaction of or payments upon other judgments which are later reversed or vacated, we make the following observation: the June 1983 judgment of the Boyle Circuit Court was not void but merely voidable. *See Hill v. Walker*, 297 Ky. 257, 180 S.W.2d 93 (1944), and *Crawford v. Riddle*, 241 Ky. 839, 45 S.W.2d 463 (1932). As such, it is not open to collateral attack. 46 Am.Jur.2d *Judgments* §§ 62 *et seq.* (1969). However, appellant is not making a collateral attack. He successfully marshalled a direct attack upon the $500.00 per month support order of June 1983. When a judgment is reversed on direct appeal, it is as though it never existed. *See Drury v. Franke*, 247 Ky. 758, 57 S.W.2d 969, 88 A.L.R. 917 (1933), and *Knight's Adm'r v. Illinois Central R.R. Co.*, 143 Ky. 418, 136 S.W. 874 (1911). Generally, this entitles appellant to restitution of all money improperly paid thereunder. *See Turner v. Ewald*, 295 Ky. 764, 174 S.W.2d 431 (1943); 5 Am.Jur.2d *Appeal and Error* § 997 *et seq.* (1962); 46 Am.Jur.2d *Judgments* § 381 (1969). However, the foregoing do not answer the issue before us.

In this jurisdiction, it is settled that support payments, once accrued, are fixed and may not be modified by the trial court (*Stewart v. Raikes*, Ky., 627 S.W.2d 586 (1982), and *Whitby v. Whitby*, 306 Ky. 355, 208 S.W.2d 68 (1948) ), and any change in the amount of support only operates prospectively. *See Waters v. Waters*, Ky., 251 S.W.2d 580 (1952). In view of the fore-going decisions, there is a strong inference that recoupment or restitution should be disallowed in the event a support order is reversed or vacated on appeal. Disallowance is supported by the text of 27B C.J.S. *Divorce* § 324(16)(f) (1959).

We are directed to no decision of our state squarely in point; however, in looking to treatment of the subject by other jurisdictions, we find *Glassman v. Glassman*, 41 Misc.2d 132, 245 N.Y.S.2d 298 (1963), wherein the court reasoned that the nature of child support is such as to negate any right of restitution or recoupment upon reversal on appeal. For obvious reasons, support decrees were distinguished from ordinary judgments.

In *Rand v. Rand*, 40 Md.App. 550, 392 A.2d 1149, 1151–1153 (1978), the court squarely faced the question of restitution or recoupment of support upon reversal of a decree:

.     .     .     .     .

■ It does not appear that the appellate courts of Maryland have yet addressed the question posed here directly. We find persuasive, however, and therefore adopt, the view expressed on several occasions by the New York courts that a party making child support payments pursuant to a court order has no *right* to restitution or recoupment following a reversal or modification of the award on appeal. The rationale for this rule is that the right to support arises out of the policy of the law and not by contract. [Citations omitted.]

The obligation of a parent to support his (or her) minor child is required by public policy and is expressly imposed by statute. Md.Annot.Code, art. 72A, § 1. The determination of the amount of support to be paid by a parent, and the fixing of such amount as part of an order of a court having proper jurisdiction, authorized by Md.Annot.Code, art. 16, § 66(a), is an implementation of that public policy, and therefore rests upon a different footing than ordinary judgments representing the adjudication of

private claims. Some evidence of this difference is provided in Article III, § 38 of the Maryland Constitution, exempting a valid decree of a court of competent jurisdiction for the support of dependent children from the general prohibition against imprisonment for debt. [Citations omitted.]

[2] The fixing of child support derives from the obligation of the parent to the child, not from one parent to another. It presumably represents the considered judgment of the court as to what the needs of the child are and what the parent subject to the order ought, and can afford, to pay. This, in turn, is necessarily premised upon the assumption that the amounts paid, or to be paid, under the order are not excessive, and will, in fact, be applied exclusively to the ascertained needs of the child, whether directly or indirectly, and not to any extraneous purposes.

At least in the situation where the court entering such an order had jurisdiction to do so, and the order is therefore not void *ab initio*, recognition of a *right* of total recoupment because an appellate court disagrees as to the *amount* of support ordered, and directs the lower court to revise its decree by reducing the support allowance, would run the substantial risk of thwarting the clearly expressed public policy.

[3] Where is the recoupment to come from? If the direct recipient—the custodial parent, usually—has not, in fact, expended the "overpayment" for the support of the child and has it, or its equivalent (in whole or in part), available for repayment, it is only fair and just that the paying parent be able to recover it. Thus, the power of a court to order or permit recoupment should not be denied. But to the extent that such overpayments have been properly expended for the child's support in reliance on the court order, *and* neither they nor their equivalent are available for repayment, the *entitlement* to recoupment would, of necessity, entail a reduction in the amount of future support below even

that which the appellate court itself, or the trial court in the implementation of the appellate court's mandate, has found necessary. In other words, in such a situation, the onus of the remedy would fall upon the child, not the receiving parent. The existence of a *right* of recoupment, in that instance, would be entirely inconsistent with the obligation imposed upon the parent by law, because it would require that, during the recoupment period—the interval of time during which the paying parent reduces the periodic payment below the amount last ordered—the child would be receiving less than that found necessary for his or her support; and thus, the recouping parent would not be fulfilling his or her statutory obligation.

[4] Whether, and to what extent, the receiving parent in fact used the "overpayment" for the support of the child and has the funds from which to permit a proper recoupment without depriving the child, is a determination that must necessarily be made by the trial court, exercising its discretion upon the relevant evidence before it. The scope of discretion, and the principles applicable to its exercise, with respect to allowing recoupment must be substantially the same as pertain to the fixing of child support in the first instance; and thus, the determination of the court will not be disturbed on appeal unless it is found to be clearly erroneous. (Emphasis in original.)

.        .        .        .        .

■ In our view, the *Rand* decision clearly demonstrates that restitution or recoupment of excess child support is inappropriate unless there exists an accumulation of benefits not consumed for support. We recognize it would be an exceptional case, indeed, where support payments exceed the requisite amount necessary for support as mandated by the statute. KRS 403.210. Nevertheless, this is a finding addressed to the trial court. Here there was no such finding.

The appellee/cross-appellant asserts the trial court erred in failing to increase child support in its judgment of May, 1985. We find this argument to be without merit.

For the foregoing reasons, the judgment of the Boyle Circuit Court is vacated and remanded for proceedings consistent with this opinion on appeal, and affirmed on cross-appeal.

Further, pursuant to 2(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.