Tracy Marie Thacker WOLFE,
Appellant

v.

William Paul WOLFE, Appellee.

No. 2013–CA–001306–ME.

Court of Appeals of Kentucky.

May 30, 2014.

Bradley S. Harn, J. Warren Keller, London, KY, for appellant.

Douglas G. Benge, London, KY, for appellee.

Before JONES, STUMBO and THOMPSON, Judges.

## OPINION

STUMBO, Judge:

Tracy Wolfe appeals from the denial of her motion for reconsideration. Ms. Wolfe argues that the final decree of dissolution of marriage failed to take into account child support arrearage. We agree and find that a hearing is necessary on this issue; therefore, we reverse and remand.

This case began in 2010 with a petition for the dissolution of marriage filed by William Wolfe. On July 20, 2010, the court awarded the parties joint custody of the minor child and neither was designated the primary residential parent. Mr. Wolfe was to have the child from Friday at 4:30 p.m. to Monday at 4:30 p.m. and Ms. Wolfe would have the child the rest of the time. The court imputed minimum wage to the Wolfes and ordered Mr. Wolfe to pay a minimal amount of child support, $60 per month, because the timesharing between the parties was almost 50/50.

This case was prolonged due to multiple domestic violence petitions and dependency, neglect, and abuse actions. The trial court eventually ordered the matter to mediation, which was held on March 21, 2013. The mediation was successful and all issues were agreed upon. The mediation agreement gave both parties joint custody. The agreement also stated that the parties would later provide income information in order to prepare a child support worksheet. The agreement was silent as to any child support arrearage. The same day as the mediation, the parties went before the trial court and advised it that all issues had been settled, but that income information for the purposes of child support would be supplied later.

A decree of dissolution of marriage was entered on May 17, 2013, which incorporated the terms of the mediation agreement. It also included a child support worksheet and ordered Mr. Wolfe to pay Ms. Wolfe $359.00 per month in child support. The decree was silent as to any arrearage owed. On May 29, 2013, Ms. Wolfe filed a motion to reconsider the decree in order to address the issue of child support arrearage. Ms. Wolfe alleged Mr. Wolfe was over $2,000 behind in past child support payments. A hearing was held on June 10, 2013. The court denied the motion and held that the mediation agreement resolved all issues and that the parties indicated this fact to the court at the March 21, 2013 hearing. This appeal followed.

The trial court declined to consider the alleged child support arrearage because the mediation agreement settled all matters. We disagree. The mediation agreement did not settle the child support issue. The issue was left unsettled in order for the parties to submit current income information. It was not until the final decree was entered in May of 2013 that child support was determined. Thereafter, Ms. Wolfe brought the arrearage issue to the court's attention.

"In this jurisdiction, it is settled that support payments, once accrued, are fixed and may not be modified by the trial court . . . and any change in the amount of support only operates prospectively." *Clay v. Clay*, 707 S.W.2d 352, 353 (Ky.App. 1986) (citations omitted). Ms. Wolfe alleg-

es that Mr. Wolfe has a child support arrearage. Mr. Wolfe does not deny this allegation in his brief. Child support is for the benefit of the child and any past support payments Mr. Wolfe did not make are fixed once they accrue. The mediation agreement did not settle the child support issue and any statements made at the March 21, 2013 hearing to the contrary did not extinguish this obligation. The trial court should hold a hearing in order to determine if a child support arrearage exists, and if so, what amount is owed.

For these reasons the judgment of the trial court is reversed and this case is remanded for a hearing on the issue of child support arrearage.

ALL CONCUR.