J.R.E., INC.; Rand E. Kruger; and Kruger, Schwartz & Morreau, Appellants,

v.

Honorable Kelley ASBURY, Judge, Boyd Circuit Court

and

Pioneer Junction, Inc. (Real Party in Interest), Appellees.

No. 98–SC–680–MR.

Supreme Court of Kentucky.

June 17, 1999.

Robert D. McClure, Kruger, Schwartz & Morreau, Louisville, William Mitchell Hall, Jr., VanAntwerp, Monge, Jones & Edwards, Ashland, for appellant J.R.E., Inc.

Raymond G. Smith, Edward H. Stopher, Boehl, Stopher & Graves, Louisville, for appellants Rand E. Kruger and Kruger, Schwartz and Morreau.

Kenneth Williams, Jr., Ashland, for appellee Pioneer Junction, Inc.

COOPER, Justice.

This is an appeal from an original action petitioning the Court of Appeals to issue a writ prohibiting the Appellee Judge of the Boyd Circuit Court from compelling Appellants to deposit $25,000.00 with the Boyd Circuit Court clerk pending the outcome of the underlying proceedings. The Court of Appeals denied the petition and Appellants appeal to this Court as a matter of right. Ky. Const. § 115.

The underlying action concerns a written agreement between Appellant J.R.E., Inc., and Appellee Pioneer Junction, Inc., by which Pioneer Junction would purchase from J.R.E. five Papa John's restaurants and eleven sites designated for development of future such restaurants, all located in the state of Wisconsin. The formal offer of purchase was executed on behalf of Pioneer Junction on July 1, 1997. The offer contained several contingencies, including that J.R.E. would obtain verbal or written approval from Papa John's International of Pioneer Junction's proposed Wisconsin operator by July 29, 1997. There was also a provision for the tender of an earnest money deposit:

> Offeror, contemporaneously with the execution and delivery of this offer of purchase, hereby tenders the sum of $25,-000.00 as a (sic) earnest money deposit, said sum to be credited against the purchase price set forth herein if the offer is accepted. If the offer is not accepted by seller, said earnest money deposit shall be immediately refunded.

The closing date was to be within thirty days after receipt by Pioneer Junction of written approval of the agreement by Papa John's International and fulfillment of the contingencies. If the closing did not occur by November 1, 1997, the transaction would be rendered null and void and the earnest money deposit would be refunded to Pioneer Junction.

Appellant Rand E. Kruger is an attorney-at-law and senior partner of Appellant law firm, Kruger, Schwartz & Morreau. The earnest money deposit was in the form of a bank check payable to "Rand Kruger, Escrow Agent for J.R.E., Inc." A written acceptance of Pioneer Junction's offer of purchase was executed on behalf of J.R.E. on July 18, 1997. On August 5, 1997, Kruger endorsed Pioneer Junction's $25,000.00 check as "escrow agent for J.R.E., Inc." to the escrow account of Kruger, Schwartz & Morreau. As soon as the check cleared, Kruger, Schwartz & Morreau issued a $25,000.00 draft from its escrow account to J.R.E., Inc.

The transaction did not close by November 1, 1997. When J.R.E. failed to refund the $25,000.00 earnest money deposit, Pioneer Junction filed the underlying action, obtained the issuance of a writ of possession (which was returned unsatisfied), and filed a motion to compel the Appellants to deposit $25,000.00 into court. The granting of that motion precipitated this action. Pioneer Junction asserts that J.R.E. failed to obtain approval from Papa John's International of its proposed Wisconsin operator. J.R.E. claims that Pioneer Junction anticipatorily breached the agreement before the deadline for fulfilling that contingency. In addition to this issue, there remains to be decided whether Kruger or his law firm breached any duty owed to Pioneer Junction by paying the $25,000.00 to J.R.E., Inc. None of the appellants admits by pleading or otherwise that Pioneer

Junction is entitled to a refund of the $25,000.00 earnest money deposit.

The only authority for compelling a party to pay money into court pendente lite is CR 67.02, which provides as follows:

> When it is admitted by the pleading or examination of a party that he has in his possession or control any money or other thing capable of delivery which being the subject of the litigation, is held by him as trustee for another party, or which belongs or is due to another party, the court may order the same to be deposited in court or delivered to such other party, with or without security, subject to further direction.
>
> If such order is disobeyed, the court may punish the disobedience as a contempt, and may also require the sheriff or other proper officer to take the money or property and deposit or deliver it in accordance with the direction given. Money paid into court under this rule shall be deposited in an interest-bearing account or invested in an interest-bearing instrument approved by the court. At the conclusion of the action, the interest accruing on any such account or instrument shall be paid to the person to whom the principal amount of the account is paid. (Emphasis added.)

This rule differs substantially from Federal Rule (FRCP) 67, which provides only that a party sued for a sum of money may, with leave of court, deposit that sum with the court in order to avoid incurring additional interest. There is no provision in FRCP 67 for compelling a party to pay a sum of money into court against its will.

When CR 67.02 was adopted as part of the original Kentucky Rules of Civil Procedure in 1953, it incorporated the provisions of §§ 303 and 304 of our former Civil Code of Practice. Those provisions appear to have been a codification of the common law rule that a party to a controversy involving a right to a certain sum of money or thing cannot be required to deposit that money or thing in court, unless it is either clearly admitted by his pleading or by proof that he has no right to retain it and that the other party to the action is entitled to it or at least has an absolute interest in it. See Green v. Duvergey, 146 Cal. 379, 80 P. 234, 236–37 (1905) and cases cited therein. This interpretation has been applied to statutes or civil rules of other jurisdictions, which contain language identical to that of CR 67.02. Id.; In re Elias, 209 Cal. App.2d 262, 25 Cal.Rptr. 739, 747–48 (1962); Rainier National Bank v. McCracken, 26 Wash.App. 498, 615 P.2d 469 (1980).

Appellants have not admitted by pleading or testimony either that they are in possession or control of the $25,000.00 which is the subject of the underlying litigation, or that said sum belongs to or is owed to Pioneer Junction. Thus, they cannot be compelled to pay that sum into court pending the outcome of the litigation. The interpretation urged by Pioneer Junction would authorize a court, as here, to require a party to pay a demanded judgment into court in advance of an adjudication that he owes it. "[I]f money is ordered to be brought in, which is not clearly due, very gross injustice may be done, as the defendant may be put to great inconvenience, and afterwards be told that his view of the case was correct." Green v. Duvergey, supra, at 237, quoting from Lord Cairns' opinion in the case of Hagall v. Currie, Law Rep. 2 Ch.App. 449 (1867).

Accordingly, the decision of the Court of Appeals is reversed and this action is remanded to the Court of Appeals with directions to issue a writ prohibiting the judge of the Boyd Circuit Court from requiring Appellants to pay the sum of $25,-000.00 into court pending resolution of the underlying litigation.

GRAVES, JOHNSTONE, KELLER, STUMBO and WINTERSHEIMER, JJ., concur.

LAMBERT, C.J., concurs in result only without separate opinion.