# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$

## 2015-SC-000106-MR

SIMON M. VANDERPOOL, ET AL.      APPELLANTS

ON APPEAL FROM COURT OF APPEALS
V.      NO. 2014-CA-001495-OA
WHITLEY CIRCUIT COURT NO. 02-CI-00371

K. PETROLEUM, INC.      APPELLEE

## MEMORANDUM OPINION OF THE COURT

## REVERSING

Appellants, Simon M. Vanderpool and Sandra Joan Vanderpool ("the Vanderpools"), appeal from the Court of Appeals' Order granting a petition for writ of mandamus filed by Appellee, Kentucky Petroleum, Inc. ("KPI"). For the reasons set forth below, we reverse.

## I. BACKGROUND

The underlying controversy involves a dispute over the rightful use and production of natural gas. KPI filed suit against the Vanderpools in Whitley Circuit Court seeking a declaration of its leasehold rights. The Vanderpools counterclaimed, alleging trespass and wrongful taking of natural gas from their property. Judgment was entered in favor of the Vanderpools in the amount of $217,890.24.

KPI filed a notice of appeal to the Court of Appeals on May 9, 2012. Nine days later, an order of garnishment was issued to Seminole Energy Services, LLC, which held $45,022.25 belonging to KPI. That amount was ultimately distributed to the Vanderpools. On June 4, 2012, KPI filed a supersedeas bond in the amount of $280,000.00.

In the mean time, the Court of Appeals issued an Opinion rendered May 9, 2014, reversing and remanding the underlying matter for new trial.[1] Thereafter, KPI filed a motion in the trial court seeking restitution of the $45,022.25 in garnished funds. The trial court denied the motion on September 3, 2014, and, on September 12, 2014, KPI filed a petition for writ of prohibition and/or mandamus in the Court of Appeals. The Court of Appeals granted KPI's petition for a writ, finding that KPI had demonstrated the lack of an adequate remedy by appeal or otherwise and irreparable injury:

> There is no adequate remedy by appeal or otherwise for the divestiture of a party's funds without a due process of adjudication of liability. *PremierTox 2.0 v. Miniard,* 407 S.W.3d 542, 548 (Ky. 2013). Our Supreme Court has stated that "[a] judgment which has been reversed is as though it never has been." *Drury v. Franke,* 247 Ky. 758, 57 S.W.2d 969, 972 (1933) (quoting *Knights Adm'r v. Ill. Central R. Co.,* 143 Ky. 418, 136 S.W. 874, 875 (1911). In the present case, the judgment has been reversed. Consequently, there has been no adjudication of liability to support the continuation of the garnishment order. Therefore the order of the trial court denying the motion for

---

[1] In *K Petroleum, Inc. v. Vanderpool,* 2014 WL 1881913 (2012-CA-00859-MR) (Ky. App. 2014), the Court of Appeals determined that the trial court's evidentiary ruling (excluding a settlement agreement between Sandra Vanderpool's parents and KPI), and the directed verdicts that followed, were in error and denied KPI a fair trial. The Court of Appeals directed the circuit court to admit the subject agreement into evidence at the new trial.

restitution 'is essentially a pre-judgment attachment for which . . . [Petitioners] do not have an adequate remedy on appeal or otherwise." *PremierTox,* 407 S.W.3d at 548. We conclude [KPI] has demonstrated the lack of an adequate remedy by appeal or otherwise.

Gross injustice and irreparable injury result[] from an order requiring the payment of money in satisfaction of a judgment without an adjudication on the merits of the claim. *Id.* "Aside from the deprivation of property and its attendant due process implications, seizing control of such a substantial amount of an individual's or business's money to assure payment of an unproven claim can, and often does result in devastating consequences for that individual or business's future operations." *Id.* at 549. Therefore, we conclude that [KPI] has demonstrated irreparable injury.

The Vanderpools appealed the Court of Appeal's decision granting the writ, and that forms the basis of the case presently before this Court.

## II. ANALYSIS

On appeal, the Vanderpools argue that: (1) KPI has not shown that there exists no adequate remedy by appeal; (2) CR 60.03 precludes this action; and (3) the trial court did not abuse its discretion in refusing to order restitution.

This Court recently discussed the standards under which we review writs of mandamus:

The issuance of a writ of mandamus is an extraordinary remedy. . . . As a result of this Court's cautious approach to writ proceedings, we have adopted, and stringently applied, a strict set of requirements for issuing a writ.

Writs are "divided into two classes, which are distinguished by whether the lower court allegedly is (1) acting without jurisdiction (which includes 'beyond its jurisdiction') or (2) acting erroneously within its

3

jurisdiction." . . . [W]e are not now concerned with the first class of cases.

Under the second class of writ cases, a writ "*may* be granted upon a showing . . . that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted." This Court has consistently recognized an exception to the irreparable harm requirement in "certain special cases." In these special cases, a writ may issue "in the absence of a showing of specific great and irreparable injury . . . provided a substantial miscarriage of justice will result if the lower court is proceeding erroneously, *and* correction of the error is necessary and appropriate in the interest of orderly judicial administration." Even when these requirements are met, the issuance of a writ is not mandatory; instead, "whether to grant the writ is in the sound discretion of the Court."

As with other decisions that are within the discretion of the court, the decision of the Court of Appeals regarding the issuance of a writ is reviewed for an abuse of discretion. Questions of law, however, will be reviewed de novo. "And if the alleged error lies in findings of fact of the Court of Appeals, e.g. the finding regarding irreparable harm, then we review for clear error under CR 52.01." Because the decision of the Court of Appeals only held that Ridgeway had an adequate remedy by appeal or otherwise, a question of law, our review is de novo.

*Ridgeway Nursing & Rehab. Facility, LLC v. Lane*, 415 S.W.3d 635, 639-41 (Ky. 2013) (footnotes omitted).

*Sub judice,* the Court of Appeals held that KPI demonstrated the lack of an adequate remedy by appeal or otherwise, relying on *PremierTox*, 407 S.W.3d at 548.

4

No adequate remedy by appeal or otherwise means that the injury to be suffered . . . "could not therefore be rectified in subsequent proceedings in the case." In order for a writ to issue, the lack of an adequate remedy by appeal or otherwise is an absolute prerequisite, regardless of whether the writ is sought by alleging irreparable harm or invoking the "certain special circumstances" exception.

*Ridgeway*, 415 S.W.3d at 640 (footnote omitted).

*PremierTox* is distinguishable on its facts. It involved a dispute between Kentucky Spirit, which managed Medicaid payments to medical providers, and PremierTox, a laboratory. PremierTox alleged that Kentucky Spirit owed it $1,880,293.46 for services provided to Medicaid recipients for which Kentucky Spirit had been paid by the Commonwealth of Kentucky. Kentucky Spirit disputed the validity of PremierTox's claims for payment. The circuit court ordered Kentucky Spirit to deposit the funds into a court-controlled escrow account pending adjudication of PremierTox's claim. Kentucky Spirit sought a writ of prohibition to prevent the circuit court from enforcing the order.

The Court of Appeals issued the writ, concluding that "a circuit court has no authority 'to require a party to pay a demanded judgment into court in advance of an adjudication that he owes it'" pursuant to CR 67.02[2] and *J.R.E., Inc. v. Asbury*, 993 S.W.2d 960 (Ky. 1999). *PremierTox* at 545.

---

[2] CR 67.02 provides:

When it is admitted by the pleading or examination of a party that he has in his possession or control any money or other thing capable of delivery which being the subject of the litigation, is held by him as trustee for another party, or which belongs or is due to another party, the court may order the same to be deposited in court or delivered to such other party, with or without security, subject to further

5

*Asbury* explained that:

> When CR 67.02 was adopted . . . , it incorporated . . .
> provisions of . . . of our former Civil Code . . . . [which]
> appear to have been a codification of the common law
> rule that a party to a controversy involving a right to a
> certain sum of money or thing cannot be required to
> deposit that money or thing in court, unless it is either
> clearly admitted by his pleading or by proof that he
> has no right to retain it and that the other party to the
> action is entitled to it or at least has an absolute
> interest in it.

993 S.W.2d at 962.

This Court affirmed the issuance of the writ in *PremierTox*, concluding

that the circuit court had misconstrued the function of CR 67.02. "The

amount of money in dispute is significant. The circuit court's order is

essentially a pre-judgment attachment[3] for which Appellees do not have an

adequate remedy on appeal or otherwise." *PremierTox*, 407 S.W.3d at 548.

---

> direction. If such order is disobeyed, the court may punish
> the disobedience as a contempt, and may also require the
> sheriff or other proper officer to take the money or property
> and deposit or deliver it in accordance with the direction
> given. Money paid into court under this rule shall be
> deposited in an interest-bearing account or invested in an
> interest-bearing instrument approved by the court. At the
> conclusion of the action, the interest accruing on any such
> account or instrument shall be paid to the person to whom
> the principal amount of the account is paid.

[3] This Court explained that:

> [T]he circuit court's order would effectively convert CR 67
> into a substitute for the provisional remedy of pre-judgment
> attachment established by KRS 425.301 et seq. It would
> also circumvent the safeguards built into those statutes.
> For example, KRS 425.309 would require PremierTox to
> execute a bond of not less than double the amount of its

6

The Court of Appeals' reliance on *PremierTox* was simply misplaced. In the case at bar, KPI has not been ordered to pay a sum into court before an adjudication on the merits. Rather, the adjudication already took place and KPI seeks restitution of funds that were previously garnished. "Kentucky law makes it clear that an appellant who fails to file a supersedeas bond does so at his own risk and that execution may proceed . . . ." *Marshall v. Goodwine*, 332 S.W.3d 51, 55 (Ky. 2010) (quoting *Hardy v. Goodwine*, No. 2007–SC–00284– MR, 2009 WL 1830782, at *2 (Ky. June 25, 2009)). The underlying case has already been remanded for a new trial. In the event KPI prevails, it does have an adequate remedy that can be rectified in subsequent proceedings in the case, either in the trial court or on appeal.

We review the decision of the Court of Appeals in this instance for an abuse of discretion. "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." The Court of Appeals' decision in the present matter was unsupported by sound legal principles, as it misapplied *PremierTox* as noted above, and therefore, we hold that it abused its discretion in granting KPI's petition for a writ. Having so concluded, we do not reach the remaining arguments.

---

claim, a safeguard not available under the methods imposed by the circuit court.

*Id.* at 547.

7

## III. CONCLUSION

The Court of Appeals' Order granting mandamus is hereby reversed.

All sitting. Minton, C.J., Barber, Cunningham, Keller, Noble, Venters, JJ., concur. Abramson, J., concurs in result only.

COUNSEL FOR APPELLANTS:

Darrell L. Saunders

COUNSEL FOR APPELLEE:

Scott Marlow Webster