Daniel S. HEMPEL, Appellant,

v.

Karen S. HEMPEL, Appellee.

No. 2011–CA–000763–MR.

Court of Appeals of Kentucky.

Sept. 21, 2012.

Victoria Ann Ogden, Lauren Adams Ogden, Louisville, KY, for appellant.

James L. Theiss, LaGrange, KY, for appellee.

Before COMBS and STUMBO, Judges; LAMBERT,[1] Senior Judge.

## OPINION

COMBS, Judge:

Daniel Hempel appeals from the judgment of the Oldham Family Court entered in his case for dissolution of marriage. The judgment awarded Daniel and Karen joint custody of their minor children; set monthly child support; and divided the marital property and debts. After our review of the record, we affirm in part, vacate in part, and remand.

Daniel and Karen Hempel were married in 1991. Two children were born of the marriage—one of whom is now emancipated. In January 2009, Daniel filed a petition for dissolution of the marriage. A limited decree of dissolution was entered on November 4, 2010.

The case was tried on January 27, 2011. In an order entered March 11, 2011, the family court awarded the parties joint custody of the children and designated Karen as the primary residential custodian. It

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

later amended its original findings of fact and conclusions of law and reduced Daniel's time with the children to alternating weekends and one evening per week. The court imputed income to Daniel, and he was ordered to pay $812.50 per month in child support. Karen was ordered to provide health insurance for the children. This appeal followed.

Our review of the findings of fact of a family court is limited to the determination of whether they are clearly erroneous. Kentucky Rules of Civil Procedure (CR) 52.01; *Sexton v. Sexton,* 125 S.W.3d 258 (Ky.2004). Findings of fact are clearly erroneous only where they are manifestly against the weight of the evidence. *Bennett v. Horton,* 592 S.W.2d 460 (Ky.1979). However, rulings with respect to questions of law are subject to our plenary (*de novo*) review.

■ On appeal, Daniel alleges that the family court abused its discretion by arbitrarily reducing the parenting time that he had established with the children over the course of the parties' extended separation. He specifically challenges the court's finding that "[d]espite the parenting Order entered in the Domestic Violence case," he had "not regularly exercised those times to see the children...." He argues that that finding was not based upon substantial evidence. Order at 4. On the contrary, he contends that the evidence clearly showed that he saw his daughters on an almost daily basis while the action was pending. He explains that he spent even more time with his younger daughter since he was coaching and travelling with her softball teams. Daniel argues that there was *no evidence* to support the court's finding regarding his time with the children and that the clearly erroneous finding must have been "based upon statements contained in Karen's post-trial brief never in

evidence or presented at trial." (Appellant's brief, p. 1).

■ In the absence of an agreement between the parties, the family court has considerable discretion to determine the living arrangements which will best serve the interests of the children. *Drury v. Drury,* 32 S.W.3d 521 (Ky.App.2000). A joint custody award entails shared decision-making and extensive parental involvement in the children's upbringing. *Id.* A time-sharing schedule must be crafted to allow both parents as much involvement in their children's lives as possible under the circumstances. *Id.*

■ We must be highly deferential to a family court's determination with respect to time-sharing and may reverse it only if it constitutes a manifest abuse of discretion. *Id.* If the factual findings underlying the court's determination are supported by substantial evidence, we may not interfere with the family court's exercise of its discretion. *McKinney v. McKinney,* 257 S.W.3d 130 (Ky.App.2008).

Our review of the record substantiates Daniel's contention that there was no evidence to support the court's finding that he had neglected to exercise the time-sharing opportunities previously awarded to him. Instead, the evidence indicates that Daniel spent considerable time with the children and that he intended to maintain the close relationship that he had established with them after the parties' separation. The family court's finding to the contrary is indeed not supported by the evidence. We are compelled to conclude that the court's determination with respect to the parties' time-sharing schedule was based, at least in part, upon a clearly erroneous finding. Consequently, we vacate this portion of its order and remand for its additional consideration of this issue.

Daniel next argues that the family court erred by refusing to grant his motion to alter, amend, or vacate its judgment to support its decision to impute income to him for purposes of calculating his child support obligation. We agree that more findings were needed.

The family court's order, entered March 11, 2011, provided as follows:

[Karen] has been teaching since August 1991. Her annual gross income is $59,208.00.... [Daniel] is currently employed part-time by The Richwood/The Oaks making $14.00 per hour. He works approximately 25 hours per week at that job and has a side contracting business. Previously, [Daniel] had been employed at Sabak Wilson & Lingo, Inc. as a technician. He lost that job in 2007. The parties' 2007 income tax return indicates that [Daniel] earned $56,192 from Sabak Wilson & Lingo and an additional $2,490.00 in unemployment compensation. [Karen's] 2007 W–2 Form indicated that she earned $47,397.00.

For child support purposes, the Court finds that [Daniel] is currently underemployed. The Court will impute to [Daniel] the ability to earn income at the same level as [Karen]. There are no work related daycare costs. [Karen] carries the children on her health insurance provided through her place of employment at a monthly cost of $119.00. [Daniel] is ordered to pay [Karen] child support in the amount of $812.50 per month. The child support award is retroactive to January 19, 2011. The parties shall be equally responsible for all uninsured healthcare expenses for the children.

Judgment at 5.

Daniel subsequently filed a motion to alter, amend, or vacate pursuant to CR 59 as well as a motion pursuant to CR 52.02 requesting additional findings of fact regarding the amount of income that had been imputed to him. Daniel contends that the evidence submitted at trial showed only that the economic downturn had adversely affected his ability to find suitable employment. He argued that no evidence was introduced to indicate the nature of prevailing job opportunities or earnings levels in the community. He contended that the family court's finding that he is voluntarily underemployed is "totally inconsistent with the facts of this case." Motion at 4. Daniel explained that he has a long history of working hard to provide for his family and that he had "every reason to be motivated to continue to provide financial security for his family" during the parties' 18–month effort to reconcile. The family court denied the motion.

In *Downing v. Downing*, 45 S.W.3d 449, 454 (Ky.App.2001), we observed as follows:

Kentucky trial courts have been given broad discretion in considering a parent's assets and setting correspondingly appropriate child support.... However, a trial court's discretion is not unlimited. The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.

*See also Wilhoit v. Wilhoit*, 521 S.W.2d 512, 513 (Ky.1975).

For purposes of determining child support, a court may impute income to a party whom it finds to be voluntarily unemployed or underemployed. In such a situation, KRS 403.212(2)(d) provides:

child support shall be calculated based on a determination of potential income.... Potential income shall be determined based upon employment potential and probable earnings level based on the obligor's or obligee's recent work history, occupational qualifications, and

prevailing job opportunities and earnings levels in the community. A court may find a parent to be voluntarily unemployed or underemployed without finding that the parent intended to avoid or reduce the child support obligation.

In this case, there was no evidence introduced to show the strength or nature of prevailing job opportunities in the community or the expected earnings levels. Nevertheless, the family court concluded that Daniel could be expected "to earn income at the same level as [Karen]." Order at 5. The court gave no explanation as to how it reached this conclusion. Without adequate factual findings, we are unable to conduct a meaningful review of that decision. Consequently, we must remand for further consideration with respect to this issue as well. *Greathouse v. American National Bank and Trust Co.*, 796 S.W.2d 868, 870 (Ky.App.1990).

■ Next, Daniel argues that the family court erred by failing to make an equitable division of the original versions of the family photographs and by failing to order the parties to share the cost of duplicating the photographs that both wished to retain. The court made no findings on this issue. Therefore, on remand, we direct that it order an equitable division of the family photographs.

■ Daniel also argues that the court erred by failing to order an equal division of the marital estate. He contends that he was "denied his proper share of the marital estate" because the family court was "swayed by its erroneous belief that [he] was underemployed, that he was not exercising his time with the children, and that he was guilty of domestic violence." Brief at 10–11. He argues that awarding him substantially less of the marital estate was unjust and inequitable.

■ KRS 403.190(1) directs courts to divide marital property in "just proportions," while considering all relevant factors, including:

(a) Contribution of each spouse to acquisition of the marital property, including contribution of a spouse as homemaker;

(b) Value of the property set apart to each spouse;

(c) Duration of the marriage; and

·(d) Economic circumstances of each spouse when the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children.

What constitutes a just division lies within the sound discretion of the family court and will not be disturbed absent an abuse of discretion. *Neidlinger v. Neidlinger*, 52 S.W.3d 513 (Ky.2001). Despite Daniel's allegations, there is absolutely no indication that the family court considered factors other than the statutory criteria in its division of the marital estate or that it abused its discretion in any other manner. We perceive no error.

■ Finally, Daniel argues that the family court erred by failing to permit him the ongoing right to oversee the accounts established for the children under the Uniform Gifts To Minors Act. We disagree.

Pursuant to the provisions of KRS 385.202, Karen presumably transferred the custodial property belonging to the parties' elder child when she reached the age of eighteen. Consequently, only one of the accounts remains intact. Under the provisions of KRS 385.122, Karen, as custodian of the account, is obligated to keep records of all transactions with respect to the custodial property and to make them available for inspection at reasonable intervals. As a parent of the minor for whose benefit the account was created, Daniel is entitled by

law to review those records. Consequently, the family court did not err in allowing Karen to continue to monitor the disputed account. Daniel still has the right to inspect the account.

In summary, we remand this case for additional consideration of the following issues: the family court's determination with respect to the parties' time-sharing schedule, its decision to impute income to Daniel, and the equitable division of family photographs. The judgment is affirmed in all other respects.

ALL CONCUR.