**Michelle BOOTES, Appellant**

v.

**Damon BOOTES, Appellee**

**NO. 2014–CA–000816–MR**

Court of Appeals of Kentucky.

RENDERED: AUGUST 28, 2015; 10:00 A.M.

BRIEF FOR APPELLANT: William D. Tingley, Louisville, Kentucky

BRIEF FOR APPELLEE: Melanie Straw–Boone, Louisville, Kentucky

BEFORE: CLAYTON, KRAMER, AND VANMETER, JUDGES.

*OPINION*

VANMETER, JUDGE:

Michelle Bootes appeals from the Jefferson Circuit Court's order denying her motion to alter, amend or vacate the trial court's judgment concerning child support and maintenance. For the following reasons, we reverse and remand for further proceedings consistent with this opinion.

Michelle and Damon Bootes were married in 1997 and divorced by a limited decree of dissolution entered on February 28, 2014. The parties have four children born of the marriage, ranging in age from 9 to 13. Following entry of the decree of dissolution, the court entered an order on March 21, 2014 addressing division of property and expenses, including child support, attorney's fees and maintenance.

On appeal, Michelle makes four arguments. First, she claims the trial court erred by failing to include Damon's income from his secondary employment, a tax planning business, in its child support calculations. Next, she argues the trial court erred when calculating the amount of income she is capable of earning for purposes of child support and maintenance. Thirdly, Michelle alleges that the trial court erred by denying her maintenance. Finally, she claims the trial court should have awarded her attorney's fees. Each argument is addressed below, with additional facts as necessary.

CR [1] 59.05 states: "A motion to alter or amend a judgment, or to vacate a judgment and enter a new one, shall be served not later than 10 days after entry of the final judgment." In general, a trial court has unlimited power to alter, amend, or vacate its judgments. *Gullion v. Gullion,* 163 S.W.3d 888, 891–92 (Ky.2005). The Supreme Court of Kentucky has limited the grounds for relief under CR 59.05 to those established by its federal counterpart, Federal Rule of Civil Procedure 59(e). *Id.* at 893.

> There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

*Id.* (internal footnote omitted). A trial court's ruling on a CR 59.05 motion is reviewed under an abuse of discretion standard. *Bowling v. Kentucky Dep't. of Corr.,* 301 S.W.3d 478, 483 (Ky.2009).

First, Michelle argues that the trial court improperly determined Damon's gross income for purposes of child support calculations. Damon testified at trial that he operates a tax preparation business with his father, at which he prepares all of the tax returns completed by the company. Damon's father handles all of the administrative duties for the business, and Damon further testified that the purpose of the tax preparation business is to supplement his parents' social security benefits and improve their standard of living. In 2013, Damon had gross receipts from the business totaling $47,458, but he testified that he gave all of the money from the business to his father. Michelle argues that giving all of the income to Damon's father constitutes more than just "administrative costs" or "ordinary and necessary expenses" of the business and without findings as to the legitimate expenses of the business, the trial court should have considered all of the income from the business "gross income" for child support calculation purposes.

> Generally speaking, a trial court enjoys "broad discretion in the establishment, enforcement, and modification of child support." Accordingly, we review a trial court's decision in this context for an abuse of discretion. An abuse of discretion will only be found when a trial court's decision is arbitrary, unreasonable, unfair, or unsupported by sound legal principles.

*Bell v. Bell,* 423 S.W.3d 219, 222 (Ky.2014).

Child support is calculated based upon a parent's income, or "actual gross income of the parent if employed to full capacity or potential income if unemployed or underemployed." *See* KRS 403.211; KRS 403.212(2)(a). KRS 403.212(2)(b) states: " 'Gross income' includes income from any source, except as excluded in this subsection[.]" KRS 403.212(2)(c) gives further guidance on income received from self-employment or proprietorship of a business, and describes gross income as "gross receipts minus ordinary and necessary expenses required for self-employment or business operation." Here, the trial court found that since Damon has never claimed income from the tax preparation business on his personal income tax returns, that

---

1. Kentucky Rules of Civil Procedure.

money was not part of his "gross income" for child support purposes.

■ "[I]n making child support determinations, courts must consider all income proven by substantial evidence, regardless of whether that income is documented." *Schoenbachler v. Minyard,* 110 S.W.3d 776, 778 (Ky.2003). Although Damon chose not to report the income from the tax planning business on his personal income tax returns, and chose to give all of the proceeds of the business to his father, such income is still gross income pursuant to KRS 403.212(2)(c). In our view, Michelle provided the appropriate documentation to show that Damon was earning income from the tax preparation business. The burden then fell on Damon to prove that the amount paid to his father constituted an "ordinary and necessary business expense" required to operate the business pursuant to KRS 403.212(2)(c). The record is devoid of any such evidence. Accordingly, we believe the trial court erred by excluding this income from Damon's income for purposes of child support calculations. We remand this matter to the trial court to determine how much of the $47,458 in gross receipts from the business is paid out as an ordinary and necessary business expense via a reasonable salary to Damon's father for his administrative work. The remainder constitutes gross income to be included in calculating Damon's child support obligation.

■ Next, Michelle claims the trial court erred in calculating the amount she is able to earn. The court found that Michelle is capable of earning $60,000 per year, given her earning history, education and experience in the pharmaceutical sales field. KRS 403.212(2)(d) states in pertinent part:

Potential income shall be determined based upon employment potential and probable earnings level based on the obligor's or obligee's recent work history, occupational qualifications, and prevailing job opportunities and earnings level in the community.

Michelle maintains that the trial court failed to make findings concerning the "strength or nature of prevailing job opportunities in the community or the expected earnings levels." Upon her motion for further findings of fact on this matter, the trial court stated "[t]he Court reached this number after considering testimony that the Petitioner earned $55,489 in 2012 after only working for nine (9) months out of the year. The Court also considered Ms. Bootes' past earnings and education."

Michelle cites *Hempel v. Hempel,* 380 S.W.3d 549, 553 (Ky.App.2012), in which this court reversed the trial court's imputation of income where the trial court failed to make findings on the strength or nature of prevailing job opportunities. However, in *Hempel,* the trial court gave no findings whatsoever when it found that the voluntarily underemployed father could earn the same amount as the mother. Here, the court considered Michelle's work history, prior earnings, and the fact that she was beginning a new job at the time of trial. While we agree that the trial court did not explicitly give its findings regarding the job opportunities available in the community, we believe the trial court took this factor into consideration when imputing income to Michelle, especially since she had already procured a job at the time of trial, and expected to begin generating income within 60 days of employment. Hence, we affirm the trial court on this issue.

■■ Michelle next claims that the trial court erred by denying her maintenance. An award of maintenance is within the trial court's sound discretion. *Powell v. Powell,* 107 S.W.3d 222, 224 (Ky.2003).

Awards of maintenance are appropriate when the party requesting maintenance "[l]acks sufficient property, including marital property apportioned to [her], to provide for [her] reasonable needs" and "[i]s unable to support [herself] through appropriate employment." KRS 403.200(1). Michelle points out that KRS 403.200 also requires the court to consider the earning capacity of the spouse from whom maintenance is sought. While this is true, many other factors are to be considered, including those listed in KRS 403.200(2):

> (a) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;
>
> (b) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;
>
> (c) The standard of living established during the marriage;
>
> (d) The duration of the marriage;
>
> (e) The age, and the physical and emotional condition of the spouse seeking maintenance; and
>
> (f) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

As addressed above, Michelle is well educated, has earned upwards of $100,000 in the past, and is now capable of earning $60,000 per year. The trial court also found that Damon is capable of earning $85,000 per year and the parties' four children live primarily with Damon.[2] Given these factors, we do not believe the trial court abused its discretion in denying Michelle's request for maintenance.

Lastly, Michelle asserts that the trial court failed to consider all of Damon's income when denying her claim for attorney's fees. Attorney fee awards in divorce cases are governed by KRS 403.220, which directs:

> The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

"Under this statute, a trial court may order one party to a divorce action to pay a 'reasonable amount' for the attorney's fees of the other party, but only if there exists a disparity in the relative financial resources of the parties in favor of the payor. But even if a disparity exists, whether to make such an assignment and, if so, the amount to be assigned is within the discretion of the trial judge. There is nothing mandatory about it. Thus, a trial court's ruling on attorney fees is subject to review only for an abuse of discretion." *Sexton v. Sexton*, 125 S.W.3d 258, 272 (Ky.2004) (internal citations and quotations omitted).

As discussed above, we do believe the trial court erred by excluding the income

---

**2.** While Damon's earning capacity will likely be adjusted on remand due to the erroneous exclusion of his income from the tax preparation business, this does not necessarily warrant a reversal of the court's order regarding maintenance. We believe Michelle's earning capacity is sufficient to meet her needs and maintain her lifestyle without maintenance even if Damon's earning capacity is found to be greater than the original $85,000.

from the tax preparation business from Damon's gross income. However, even if Damon's earning capacity is raised on remand, the disparity between the parties' respective incomes is not so great that denying Michelle's motion for attorney's fees constitutes an abuse of discretion.

For the above reasons, the judgment of the Jefferson Circuit Court is reversed and remanded for further proceedings consistent with this opinion.

ALL CONCUR.