RENDERED: JULY 23, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1364-MR

JOHN DAVID GOBLE                              APPELLANT


                 APPEAL FROM BOYD CIRCUIT COURT
v.               HONORABLE GEORGE W. DAVIS, III, JUDGE
                   ACTION NO. 18-CI-00140


TERESA DIANE GOBLE                        APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; MAZE AND K. THOMPSON, JUDGES.

MAZE, JUDGE: John Goble appeals from an order of the Boyd Circuit Court

granting his motion to modify child support but based on imputed income. He

argues that the court erred by imputing income to him without an express finding

that he was voluntarily unemployed or underemployed. We find substantial

evidence to support the trial court's calculation of his child support based on imputed income. Hence, we affirm.

The relevant facts of this matter are not in dispute. John and Teresa Goble were married in 2006 and separated in 2018. Four children were born of the marriage, all of whom remained minors at the time of separation. On February 22, 2018, Teresa filed a petition for dissolution of the marriage. On June 12, 2018, the trial court entered a decree dissolving the marriage and an order adopting the parties' agreement on all issues relating to the dissolution. In pertinent part, the order granted joint custody of the children, with Teresa designated as the primary residential custodian. John agreed to pay child support in the amount of $1,353.00 per month.

However, on August 24, 2018, John filed a motion to modify child support, alleging a material change in circumstances. In support of the motion, John stated that he had changed positions but at a decreased rate of pay. Teresa objected to modification of support, noting that John was aware of his position change at the time he agreed to the support amount. The trial court denied John's motion by order entered on September 7, 2018.

On September 6, 2019, John filed a new motion to modify child support. In support of this motion, he stated that his employment contract as a teacher had not been renewed. He asserted that this amounted to a material change

in circumstances warranting a reduction in his child support obligation. The trial court referred the matter to a Domestic Relations Commissioner (DRC) for a hearing.

At the hearing, the following evidence was presented. When the decree was entered, John was employed as an Interim Superintendent with the Martin County School District and Teresa was employed as a teacher with the Wayne County (West Virginia) School District. The agreement setting child support was based on John's income of $76,000.00 per year, although he received additional income in his position as interim superintendent.

John had tenured employment with the Martin County School District. John testified that he had his Rank I qualification and 15½ years of experience. But at the close of the 2017-18 school year, he was advised that he was not being given the superintendent position permanently and that he would be returning to the classroom. John testified that his pay would have been reduced to $57,141.73 per year based on the change in job duties. Rather than accept the change in duties, John voluntarily left his position with the Martin County School District.

He was subsequently hired by the Lawrence County School District as a math and science teacher earning $54,000.00 per year. The position was not tenured. Teresa presented evidence that the Lawrence County School District was dissatisfied with John's performance. His duties were reduced when the District

hired another teacher to teach some of his classes. But despite his reduced workload and several improvement plans, the District remained unsatisfied with John's performance. Consequently, the District did not renew John's contract for another year. At the time of the hearing, John remained unemployed.

Based on the evidence presented at the hearing, the DRC imputed an income to John of $54,000.00 per year. The DRC found this amount was appropriate based upon his employment with the Lawrence County School District, but also noted that it may take time for John to find a position due to the higher rate of pay for someone with his rank and years of experience. Based upon this earning capacity, the DRC calculated his child support at $1,081.00 per month and recommended that his obligation be modified accordingly. In his objections to the DRC's report, John advised the trial court that he had found a new position outside of Kentucky, which paid $38,000.00 per year. He requested that the matter be remanded to the DRC to calculate support based on that income.

On September 11, 2020, the trial court overruled John's objections and adopted the DRC's report and recommendations. Thereafter, John filed motions to alter, amend, or vacate that order pursuant to CR[1] 59.05, and requested

---

[1] Kentucky Rules of Civil Procedure.

additional findings pursuant to CR 54.02. The trial court denied the motions by order entered on September 25, 2020. This appeal followed.

KRS[2] 403.213(1) permits modification of a party's child support obligation when there is "a material change in circumstances that is substantial and continuing." The parties to this case do not dispute that John experienced a substantial and continuing change in circumstances which warranted a reduction in his child support obligation. However, the trial court calculated John's new child support obligation based upon income imputed to him. John argues that the trial court erred by imputing income without an express finding that he was voluntarily unemployed.

KRS 403.212(2)(d) allows a court to base child support on a parent's potential income if it determines that the parent is voluntarily unemployed or underemployed. The statute further provides that a "court may find a parent to be voluntarily unemployed or underemployed without finding that the parent intended to avoid or reduce the child support obligation[.]" *Id.*[3] Rather, a parent's potential income must be based upon the parent's "employment potential and probable earnings level based on the obligor's or obligee's recent work history, occupational

---

[2] Kentucky Revised Statutes.

[3] The current version of KRS 403.212 codifies this provision separately under section 2(e)2. 2021 *Ky. Laws* Ch. 47 § 2 (*eff.* 6-29-2021). The current version also includes several new provisions which are not relevant to this appeal. For purposes of this appeal, we will use the version of the statute in effect at the time the matter was submitted to the trial court.

qualifications, and prevailing job opportunities and earnings levels in the community." KRS 403.212(2)(g).

In addition to the statutory factors, a court may consider the totality of the circumstances in determining whether a parent is voluntarily unemployed or underemployed. *Maclean v. Middleton*, 419 S.W.3d 755, 775 (Ky. App. 2014) (citing *Polley v. Allen*, 132 S.W.3d 223, 226-27 (Ky. App. 2004)). Whether a party is voluntarily unemployed for the purposes of calculating a child support obligation is a factual question. *Gossett v. Gossett*, 32 S.W.3d 109, 111 (Ky. App. 2000). The findings of a commissioner, to the extent that the court adopts them, shall be considered as the findings of the court. CR 52.01. Therefore, we will disturb the trial court's findings only in the presence of clear error; that is, only if they are not supported by substantial evidence. *Id.*

John contends that the trial court was required to make an express finding that he was voluntarily unemployed based on the strength or nature of prevailing job opportunities in his community. *Hempel v. Hempel*, 380 S.W.3d 549, 553 (Ky. App. 2012). But in *Hempel*, the obligor parent presented evidence that a recent economic downturn had adversely affected his ability to find suitable employment. *Id.* at 552. In the current case, there was no evidence that John's employment reverses were based on factors outside of his control. Indeed, John voluntarily left a tenured position with the Martin County School District, and then

the Lawrence County School District decided not to renew his contract based on his performance issues. Consequently, the court imputed income based on his most-recent employment.

Although the trial court did not expressly find John to be voluntarily unemployed, that was the only significant issue presented to the DRC. The DRC's findings, as adopted by the trial court, necessarily imply that John is employed at less than his earning capacity and that he is capable of earning at least $54,000.00 per year. Under the circumstances, we conclude that the findings are sufficient to support the trial court's imputation of income to him. Therefore, we find no basis to disturb that conclusion or the amount of child support.

Accordingly, we affirm the order of the Boyd Circuit Court.

CLAYTON, CHIEF JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS IN RESULT ONLY.

BRIEF FOR APPELLANT:

Brandon M. Music
Grayson, Kentucky

BRIEF FOR APPELLEE:

Sharon E. Rowsey
Elizabeth Opell Thomas
Ashland, Kentucky