RENDERED:  APRIL 15, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2020-CA-1528-MR

BRENDA MCGUIRE SEXTON                                  APPELLANT


                 APPEAL FROM CARTER CIRCUIT COURT
v.                  HONORABLE DAVID D. FLATT, JUDGE
                     ACTION NO. 19-CI-00442


CHARLES FRANK SEXTON                                 APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  CETRULO, LAMBERT, AND TAYLOR, JUDGES.

LAMBERT, JUDGE:  Brenda McGuire Sexton appeals from the Carter Circuit Court's allocation of marital property in the dissolution of Brenda's marriage to Charles Frank Sexton (Frank).  We reverse and remand.

         Brenda and Frank were married in June 1999.  The couple had no children together, although Brenda had two children from a previous relationship.  The Sextons resided in a home built on property that Frank owned before the

marriage. The mortgage and deed on the residence were initially in Frank's name only, as was the deed to the farm acreage (acquired by Frank from his father in 1994). The property was refinanced in 2003 and has since been paid off.

The parties separated for a brief time in 2008. After they were reconciled, the deed to the home was changed to their joint ownership with right to survivorship. In 2016, the deed to the farm was similarly placed in the Sextons' joint names. An adjoining small parcel of property was later purchased from Frank's brother for $3,500.00. That deed (also in the parties' joint names) was not recorded until after the dissolution action had commenced.

Brenda filed her petition of dissolution of marriage on December 27, 2019, which she listed as the date of final separation. The final hearing was held on September 10, 2020. Three decrees were entered, with each subsequent one superseding the previous order. The dates of the orders were September 28, 2020, October 22, 2020, and October 23, 2020. In its third order, the family court stated that the court "by clerical error mistakenly entered two conflicted Decrees"; the Court's third order set aside and vacated the previous two. The court stated, "This error is entirely the Court's error and will be corrected by the following Findings of Fact, Conclusions of Law, and Decree of Dissolution of Marriage[.]" The order entered on October 22, 2020, was detailed, classified the assets and debts as marital or non-marital, assigned them to the parties, and supported the court's

reasoning behind the division and assignment of property and debt. However, that order was superseded by the third order, which did none of those things except assign assets and debts to the parties and dissolve the marriage.

Brenda filed post-judgment motions, which were denied, and she appeals from the third order, entered on October 23, 2020.

We begin by stating the standard of reviewing an order allocating property and resolving other issues between parties dissolving their marriage. Kentucky Rules of Civil Procedure (CR) 52.01 provides the general framework for the circuit court as well as review in the Court of Appeals:

> In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specifically and state separately its conclusions of law thereon and render an appropriate judgment[.] . . . Findings of fact, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

*See Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (footnote omitted) (An appellate court may set aside a lower court's findings made pursuant to CR 52.01 "only if those findings are clearly erroneous."). The *Asente* Court went on to address substantial evidence:

> "[S]ubstantial evidence" is "[e]vidence that a reasonable mind would accept as adequate to support a conclusion" and evidence that, when "taken alone or in the light of all the evidence, . . . has sufficient probative value to induce conviction in the minds of reasonable men." Regardless of conflicting evidence, the weight of the evidence, or the

fact that the reviewing court would have reached a contrary finding, "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses" because judging the credibility of witnesses and weighing evidence are tasks within the exclusive province of the trial court. Thus, "[m]ere doubt as to the correctness of [a] finding [will] not justify [its] reversal," and appellate courts should not disturb trial court findings that are supported by substantial evidence.

*Id.* at 354 (footnotes omitted). *See also McVicker v. McVicker*, 461 S.W.3d 404, 415-16 (Ky. App. 2015).

In *Young v. Young*, 314 S.W.3d 306, 308 (Ky. App. 2010), this Court specifically addressed the standard of review for the classification of property:

A trial court's ruling regarding the classification of marital property is reviewed *de novo* as the resolution of such issues is a matter of law. *Heskett v. Heskett*, 245 S.W.3d 222, 226 (Ky. App. 2008). We review a trial court's determinations of value and division of marital assets for abuse of discretion. *Armstrong v. Armstrong*, 34 S.W.3d 83, 87 (Ky. App. 2000) (quoting *Duncan v. Duncan*, 724 S.W.2d 231, 234-35 (Ky. App. 1987)).

Kentucky Revised Statutes (KRS) 403.190 provides for the assignment and division of property and provides in relevant part as follows:

(1) In a proceeding for dissolution of the marriage or for legal separation, or in a proceeding for disposition of property following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property, the court shall assign each spouse's property to him. It also shall divide the marital property without regard to marital misconduct in just proportions considering all relevant factors including:

-4-

(a) Contribution of each spouse to acquisition of the marital property, including contribution of a spouse as homemaker;

(b) Value of the property set apart to each spouse;

(c) Duration of the marriage; and

(d) Economic circumstances of each spouse when the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children.

KRS 403.190(2)(a) defines "marital property" as "all property acquired by either spouse subsequent to the marriage except . . . [p]roperty acquired by gift, bequest, devise, or descent during the marriage and the income derived therefrom unless there are significant activities of either spouse which contributed to the increase in value of said property and the income earned therefrom[.]"

Brenda maintains that the circuit court erred in its findings and conclusions in the following ways: (1) failing to classify property as marital or non-marital; (2) failure to make an equitable division of marital property; and (3) failure to find that the residence and farm were marital property.

Brenda's first and third arguments are well-taken: The circuit court's October 23, 2020, order failed to classify the property as marital or non-marital.

Nor did it comply with other aspects of KRS 403.190. Therefore, we must reverse the circuit court's findings on those issues.

Brenda's remaining argument is that the division of property was inequitable.

> [A] "just" division is not necessarily an equal division. *Stipp v. St. Charles*, 291 S.W.3d 720, 726 (Ky. App. 2009), and *Lawson v. Lawson*, 228 S.W.3d 18, 21 (Ky. App. 2007). . . . [A] trial court has broad discretion to divide marital assets, and its determination of what constitutes a just division will not be disturbed absent an abuse of that discretion. *Hempel v. Hempel*, 380 S.W.3d 549, 553 (Ky. App. 2012).

*Cobane v. Cobane*, 544 S.W.3d 672, 684 (Ky. App. 2018).

We have examined the record in its entirety (including the transcript of the final hearing and the exhibits submitted by the parties). At first blush the circuit court's findings appear to be supported by substantial evidence: The real property (the farm, home, and small parcel) was assigned to Frank; Brenda received the entirety of her pensions; Frank was ordered to pay Brenda $10,000.00 to equalize the division of property; Frank received the farm equipment; Brenda was restored her father's fishing equipment, the patio furniture, and the backyard swing; she was also awarded the church print; each party was assigned the debt in his or her name, and the parties were ordered to split the shared remaining debt from the home equity line of credit ($2,648.65). The parties' testimony and exhibits at the hearing support these distributions.

Unfortunately, we cannot competently review the court's decision on appeal because of its failure to comply with KRS 403.190 in the October 23, 2020, order. Although the second order (namely, the order entered the previous day) gave more specific renderings, those findings were not incorporated by reference to the October 23, 2020, order but were instead wholly supplanted by the latter one which failed to comply with KRS 403.190. Therefore, we cannot properly review the matter until such findings take place and are entered in the record.

Accordingly, the order of the Carter Circuit Court is reversed, and this matter is remanded with instructions for the family court to include in its order sufficient findings upon which the family court based its division of property, including values of the properties assigned and divided.

ALL CONCUR.

BRIEF FOR APPELLANT:

MaLenda S. Haynes
Grayson, Kentucky

BRIEF FOR APPELLEE:

Marie E. Troxler
Russell, Kentucky