RENDERED: MAY 20, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0459-ME

ASHLEY QUINN             APPELLANT

v.        APPEAL FROM GREENUP CIRCUIT COURT
FAMILY COURT DIVISION
HONORABLE JEFFREY L. PRESTON, JUDGE
ACTION NO. 14-CI-00497

CHRIS QUINN             APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CETRULO, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Ashley Quinn brings this appeal from a March 24, 2021,
Order of the Greenup Circuit Court, Family Court Division, denying her motion to
modify timesharing with her children. We affirm.

Ashley and Chris Quinn were married October 25, 1997, and were
divorced by decree of dissolution of marriage entered June 17, 2015, in the
Greenup Circuit Court, Family Court Division (family court). The decree of

dissolution incorporated the parties' June 11, 2015, Settlement Agreement. Therein, the parties agreed to share joint legal custody of their four children – twelve-year-old M.Q. and nine-year-old triplets, A.Q., B.Q., and N.Q. Additionally, Chris was given primary residential custody, and Ashley was given timesharing in accordance with Greenup County Timesharing Guidelines, Schedule B, with minor exceptions. The timesharing arrangement generally provided that Ashley would have the children five days out of each fourteen-day period.

On November 12, 2019, Ashley filed a motion to modify timesharing. Therein, Ashley sought equal timesharing or, in other words, seven out of every fourteen days rather than five days. A hearing was subsequently conducted on March 2, 2020. Thereafter, by Order entered March 17, 2020, the court determined:

> [T]hat it would be in the best interest of the children to continue the timesharing arrangement as it currently is until [Ashley] engages the treatment by a qualified psychiatrist and obtains a mental health evaluation and treatment from that psychiatrist as well as supervision of her medicine. Once that is concluded and the Court can review that opinion after a proper motion and hearing, if necessary, then the Court will consider whether to grant [Ashley]'s request to increase her timesharing to 7 days out of 14 days every other week.

March 17, 2020, Order at 3. Ashley did not appeal the March 17, 2020, Order.

Ashley then sought and obtained the treatment of a psychiatrist, Dr. Hillary Porter. Dr. Porter prepared a report and her deposition was also taken. A hearing was subsequently conducted, and by Order entered March 24, 2021, the court stated the following:

> This Court has reviewed the deposition of Dr. Hillary Porter and agrees with [Chris]. Dr. Porter did not conduct a mental health evaluation. [Ashley] did not receive any treatment except a change in her medication. According to the deposition, [Ashley] had three virtual telephonic appointments with individuals under the supervision of Dr. Porter, with Dr. Porter being present at one of those meetings. Dr. Porter did not give any opinion as to whether or not it would be in the best interest to increase [Ashley]'s time with the children.

March 24, 2021, Order at 1. The family court denied Ashley's motion to modify timesharing. This appeal follows.

We begin our analysis by noting that a motion to modify timesharing requires an adjudication on the merits and an evidentiary hearing. *Anderson v. Johnson*, 350 S.W.3d 453, 456-57 (Ky. 2011). Thus, our standard of review is governed by Kentucky Rules of Civil Procedure (CR) 52.01. CR 52.01 provides that the circuit court's "[f]indings of fact, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." This Court will not disturb those findings unless they are clearly erroneous. *Moore v. Asente*, 110 S.W.3d 336, 353-54 (Ky. 2003). Findings of fact are not clearly erroneous if supported by substantial

-3-

evidence of a probative value. *Ky. State Racing Comm'n v. Fuller*, 481 S.W.2d 298, 308 (Ky. 1972). And, if the findings of fact are supported by substantial evidence, this Court may not interfere with the family court's exercise of discretion in regard thereto. *Hempel v. Hempel*, 380 S.W.3d 549, 551 (Ky. App. 2012).

Ashley contends that the family court erred by denying her motion to modify timesharing. More specifically, Ashley asserts that the family court erred by not applying the rebuttable presumption that equal timesharing is in the best interests of the children as provided in Kentucky Revised Statutes (KRS) 403.270 and KRS 403.340. Ashley, likewise, maintains that the family court failed to make the required findings of fact when it denied her motion to modify timesharing.

Modification of visitation/timesharing is governed by KRS 403.320(3), which provides, in relevant part, that "[t]he court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child . . . ." The Kentucky Supreme Court has addressed the presumption of joint custody and equal parenting time and held that the modification of timesharing statute, KRS 403.320, "does *not* impose a presumption of joint custody and equal parenting time." *Layman v. Bohanon*, 599 S.W.3d 423, 430 (Ky. 2020). Rather, the Court noted that the presumption of joint custody and equal timesharing is only included in the award of custody statute (KRS 403.270), and the modification of custody statute (KRS 403.340). *Id*. at 430.

-4-

In the case *sub judice*, Ashley filed a motion seeking to modify timesharing to provide that she and Chris would share equal time with the children. By order entered March 17, 2020, the family court held that before it would grant a motion to modify timesharing, Ashley would be required to seek treatment from a qualified psychiatrist. The March 17, 2020, Order further provided that the psychiatrist would need to conduct a mental health evaluation, to provide continued treatment, and to oversee her prescription medicine. Ashley did not pursue an appeal of the March 17, 2020, Order.

Following entry of the March 17, 2020, Order, as noted, Ashley sought treatment from Dr. Hillary Porter. Dr. Porter was subsequently deposed and stated that Ashley had three telehealth appointments with her office, but Dr. Porter was only present for one of the three appointments. Dr. Porter also acknowledged that she did not review any prior mental health records of Ashley. Most notable is that Dr. Porter stated she would not give an opinion as to Ashley's parental fitness, nor was she qualified to do so. Dr. Porter also acknowledged that a visit with the children would have been important to any opinion upon the children's safety when with Ashley.

Thereafter, the family court conducted an evidentiary hearing via Zoom on March 24, 2021. The deposition of Dr. Porter was submitted and considered by the court. The family court ultimately concluded that Ashley had

not actually undergone a mental health evaluation with Dr. Porter; thus, Ashley had not satisfied the requirement that she complete same before the court would grant her motion to modify visitation. Therefore, the family court denied Ashley's motion to modify timesharing by order entered March 24, 2021.

Upon review of the record, we believe the family court's findings of fact were supported by substantial evidence of a probative value. The court's denial of the motion was not a manifest abuse of discretion required to overturn the ruling. *See Hempel*, 380 S.W.3d at 551. Accordingly, we affirm the family court's denial of Ashley's motion to modify timesharing.

For the foregoing reasons, the Order of the Greenup Circuit Court, Family Court Division, is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

W. Jeffrey Scott
Grayson, Kentucky

BRIEF FOR APPELLEE:

Tracy D. Frye
Marie E. Troxler
Russell, Kentucky