RENDERED: DECEMBER 9, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0142-MR

DEMETERIS BENNETT                                                    APPELLANT

v.              APPEAL FROM HARDIN CIRCUIT COURT
                HONORABLE PAMELA K. ADDINGTON, JUDGE
                ACTION NO. 13-CI-02032

WIRAWAN KLAHAN BENNETT
(NOW WILBURN)                                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, LAMBERT, AND TAYLOR, JUDGES.

COMBS, JUDGE: This appeal arises from a modification of a child custody

agreement. Demeteris Bennett appeals an order of the Hardin Circuit Court

entered on October 15, 2021, granting the motion of Bennett's former spouse,

Wirawan Klahan Wilburn, to modify the timesharing portion of their joint custody

arrangement. After our review, we affirm.

Bennett and Wilburn were married in Florida in December 2008 and separated in 2013. They executed a separation agreement which was eventually incorporated into the court's divorce decree entered on May 7, 2014. They have one child, D.A.B., born in 2008 (his full date of birth appears nowhere of record).

Pursuant to the terms of the parties' separation agreement and the court's decree, the parties exercise joint custody and control of D.A.B. From the time of the decree, D.A.B. resided primarily with his father in Elizabethtown.

In the autumn of 2020, Bennett, a civilian, accepted a position with the Department of Defense that required him to move to Florida. He lives there now with his wife and her thirteen-year-old son. Wilburn lives with her husband and their preschool-aged daughter in Radcliff.

In November 2020, Wilburn filed a motion to modify the parties' timesharing schedule because of Bennett's decision to relocate with the child to Florida. In January 2021, Bennett filed with the court a mandatory notice of relocation. In February 2021, Wilburn filed a motion asking the court to prohibit Bennett from moving the child to Florida. In response, Bennett filed a motion to enforce a provision of the parties' settlement agreement that acknowledged the likelihood of Bennett's eventual transfer or relocation outside Kentucky and Wilburn's pledge that such a move "shall not constitute grounds for modification

of primary custodial parent and that such a move will require modification of her parenting time."

On July 12, 2021, the court conducted a hearing on the motion. It heard from several witnesses and held an *in camera* interview with the child. The court concluded that it retained authority to modify the parties' timesharing arrangement regardless of the terms of their separation agreement and that the best interests of the child would be served by his remaining in Kentucky. Bennett's motion for post-judgment relief was denied. This appeal followed.

Our standard of review is governed by Kentucky Rules of Civil Procedure (CR) 52.01. CR 52.01 provides that the circuit court's "[f]indings of fact, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Findings of fact are not clearly erroneous where they are supported by substantial evidence of probative value. *Ky. State Racing Comm'n v. Fuller*, 481 S.W.2d 298 (Ky. 1972). A circuit court's decisions concerning timesharing under a joint custody arrangement may be reversed only for an abuse of discretion. *Hempel v. Hempel*, 380 S.W.3d 549 (Ky. App. 2012).

On appeal, Bennett contends that the circuit court abused its discretion because the evidence established: that his son had lived primarily with him since the parties' divorce; that he had always taken a proactive role in the child's

education; that he had always been involved in D.A.B.'s extracurricular activities; and that he had attended to his dental and medical needs. He argues that the evidence showed that Wilburn exercised her parenting time inconsistently -- at best -- and that she failed to maintain an emotional bond with her son. Bennett observed that Wilburn was $9,000 in arrears with respect to her child support obligation. Finally, Bennett contends that the court failed to consider the specific terms of the parties' settlement agreement. He argues that fit parents have a constitutional right to enter into agreements with respect to their child-rearing decisions and that the court was required to give at least some weight to the terms of their separation agreement that had specifically acknowledged that an out-of-state move would not constitute grounds for a modification of Bennett's role as primary residential parent.

The provisions of KRS[1] 403.320(3) control the court's analysis as to timesharing modification. *Pennington v. Marcum*, 266 S.W.3d 759 (Ky. 2008). Modification is authorized under this provision where it serves the best interests of the child. *Id.* In determining the best interests of the child, the court must consider all relevant factors -- including those set forth in KRS 403.270(2). Among those factors enumerated in KRS 403.270(2), the following are relevant in this matter: wishes of the child's parents; wishes of the child; interaction and interrelationship

[1] Kentucky Revised Statutes.

of the child with his parents, siblings, and other persons who may significantly affect the child's best interests; and the child's adjustment to his home, school, and community.

The court made findings of fact relevant to D.A.B.'s best interests. It found that the child has lived in Hardin County since he was two years of age; that he has thrived academically and as a member of his school's basketball team and church basketball league; that he has friends in Hardin County and long-standing relationships with his doctor and dentist. The court found that the child has a good relationship with his stepfather and little sister. It noted that Wilburn enjoyed a flexible work schedule and believed that the child's wishes should be respected. The court found that D.A.B. expressed a sincere desire to remain in Kentucky with his mother. Based upon its consideration of these factors, the circuit court concluded that it was in D.A.B.'s best interests to remain in Kentucky.

After a thorough review of the record, we are not persuaded that the findings of the circuit court are clearly erroneous. It considered many relevant factors -- including those enumerated by KRS 403.270. We cannot conclude that the court abused its discretion by modifying the timesharing schedule.

Nor are we persuaded that the circuit court erred by failing to give weight to the terms of the parties' separation agreement acknowledging, prospectively, that any out-of-state move Bennett made would not constitute

grounds for a modification of his role as primary residential custodian. This agreement was prepared by Bennett's attorney and executed while Wilburn remained unrepresented.

In *Pennington v. Marcum*, *supra*, the Supreme Court of Kentucky explained that where a parent opposed the relocation of her child (but did not seek to alter the joint decision-making scheme created by joint custody), she was essentially seeking to have the existing timesharing arrangement changed, and she needed only to establish that it was in her child's best interests not to relocate. *Pennington* established the legal burden of proof to be enforced by a circuit court in deciding relocation disputes. To the extent that terms of the parties' agreement in the case before us attempted to alter or avoid the *Pennington* analysis, those terms are unenforceable as a matter of law.

The Commonwealth has an interest in protecting the best interests of children within its jurisdiction; the parties are not at liberty privately to bargain away legal standards created to ensure that interest is preserved. Both KRS 403.320(3) and *Pennington* have spoken clearly to elevate the best interest of the child over any other agreement of the parties. By concluding that it was in the best interests of D.A.B. to remain in Kentucky, the trial court did not err by replacing Bennett with Wilburn as the child's primary residential custodian. "[I]f a parent who has been the primary residential parent relocates and the child does not, the

primary residential parent will change." *Pennington*, 266 S.W.3d at 769. The court correctly applied the best interests of the child standard to determine the relocation issue regardless of the parties' settlement agreement.

We affirm the order of the Hardin Circuit Court.


ALL CONCUR.


BRIEFS FOR APPELLANT:                      BRIEF FOR APPELLEE:

William D. Tingley                          Jeremy S. Aldridge
Hillary A. Hunt                            Elizabethtown, Kentucky
Ft. Mitchell, Kentucky