RENDERED: FEBRUARY 2, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0381-MR

BENJAMIN G. DUSING                                               APPELLANT

APPEAL FROM KENTON CIRCUIT COURT
v.        HONORABLE DENISE D. BROWN, SPECIAL JUDGE
ACTION NO. 19-CI-00560

JILL BAKKER                                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, COMBS, AND ECKERLE, JUDGES.

COMBS, JUDGE: The Appellant, Benjamin G. Dusing (Ben), *pro se*,[1] appeals

from an Order of the Kenton County Family Court entered on January 31, 2023,

---

[1] On February 24, 2022, the Kentucky Supreme Court temporarily suspended Ben from the practice of law until further orders of the Court, having determined that the Inquiry Commission had "presented enough information to establish probable cause . . . either that Dusing poses a substantial threat of harm to his clients or the public or that he is mentally disabled and lacks the mental fitness to continue to practice law." *Inquiry Commission v. Dusing*, 647 S.W.3d 260, 264 (Ky. 2022).

denying his motion to vacate a temporary restriction on his parenting time in a March 14, 2022, Order. After our review, we affirm.

Ben and the Appellee, Jill Bakker (Jill), are the natural parents of a minor child born in 2019. Ben and Jill were never married to each other.

On March 14, 2022, the family court entered an Order as follows:[2]

The court concludes Respondent's [Ben's] pattern of behavior would seriously endanger the child's mental and emotional health if his parenting time were to remain unsupervised. . . .

. . . Respondent [Ben] shall be entitled to parenting time two (2) days per week, for a period of two (2) hours per visit. The visits shall be at Holly Hill or with another agreed upon third party provider. Respondent [Ben] shall be responsible for all costs associated with the visits. This order shall remain in effect until modified by subsequent order.

Respondent shall immediately enroll in therapy with a licensed provider. The provider shall have experience with treating Narcissistic Personality Disorders and their related behaviors. . . .

On June 17, 2022, Ben filed a motion to vacate the temporary restriction in the March 14, 2022, Order.

---

[2] This Court affirmed the family court's March 14, 2022, Order in a prior (consolidated) appeal, *Dusing v. Bakker*, Nos. 2021-CA-0539-MR, 2021-CA-0854-MR, and 2022-CA-0315-MR, 2023 WL 4035557 (Ky. App. Jun. 16, 2023). Ben filed a motion for discretionary review of this Court's June 16, 2023, Opinion. The Kentucky Supreme Court denied the motion by order dated January 10, 2024, in *Dusing v. Baker*, Case No. 2023-SC-0325-D.

On July 18, 2022, Ben filed a notice of compliance "with the requirements set forth in the Order dated March 14, 2022 pertaining to counseling services." Ben stated that he "has enrolled in evaluation/counseling with Richard McKinley, LPCC."

On December 15, 2022, the family court conducted a hearing on his motion. We have carefully reviewed that recorded proceeding. With respect to that hearing, the family court entered an Order on January 31, 2023, denying Ben's motion as follows:

> 8. In the [March 14, 2022] order, the court granted Petitioner's [Jill's] motion to modify parenting time, specifically referring to Respondent's [Ben's] narcissistic tendencies, such as placing his needs above the child and an inability to accept responsibility for his choices, as well as his history of abusive behavior directed towards Petitioner [Jill]. The court concluded the pattern of behavior by Respondent [Ben] seriously endangered the child's mental and emotional health, given her young age.
>
> 9. The order required Respondent [Ben] to enroll in therapy with a licensed provider with experience with treating Narcissistic Personality Disorders and their related behaviors. Respondent [Ben] was to provide documentation establishing the provider's experience to counsel for Petitioner [Jill] within three (3) days of choosing the provider. Respondent [Ben] was also ordered to provide the chosen provider with a full and complete copy of Dr. Connor's custody evaluation and addendum, as well as a copy of the Kenton County order of April 5, 2021 and this court's order of March 14, 2022.

10. On July 18, 2022, Respondent [Ben] filed a notice of compliance pertaining to his therapy, indicating he chose Richard McKinley with Kentucky Counseling Center as his provider. The notice specifically stated he provided the required documents.

11. Respondent [Ben] attached a treatment plan completed on July 12, 2022, much of which was based on Respondent's [Ben's] self-reporting. There is no indication in the documentation from the therapist that Respondent [Ben] provided the therapist with the documents set out above.

12. The treatment plan listed the objectives as anger management education, identifying stress triggers and coping mechanism, and gaining interpersonal sensitivity. The treatment plan recommended weekly sessions.

13. Respondent [Ben] provided a document identified as psychotherapy progress notes. The notes cover one session on October 6, 2022. The report noted Respondent [Ben] was progressing on treatment goals but did not offer any additional details. The majority of the notes relate to Respondent's [Ben's] voluntary trip to Ukraine. The report also noted Respondent [Ben] requested the document for court purposes.

14. The court questioned Respondent [Ben] as to what he has learned in therapy. Respondent [Ben] was unable to articulate specific progress on any of the above listed treatment plan objectives.

The family court also made findings regarding the dates that Ben exercised parenting time and further found as follows:

39. Since June 24, 2022, when the court instructed the parties to have daily FaceTime calls between the child and Respondent [Ben], Respondent [Ben] has not shown

-4-

a pattern of prioritizing this contact, as reflected in the parties' Our Family Wizard conversations.

40. Respondent [Ben] has missed scheduled parenting time and Facetime calls as a result of voluntary trips out of the country. Respondent [Ben] was out of the country from March 18, 2022 to March 25, 2022, from April 11, 2022 to April 24, 2022, from June 7, 2022 to June 13, 2022, and from September 12, 2022 to October 27, 2022.

41. Following the conclusion of the hearing, Respondent [Ben] was planning to leave the country from December 26, 2022 to February 23, 2023.

The family court concluded as follows:

Respondent's [Ben's] motion to modify the temporary parenting time order is **DENIED**. While Respondent [Ben] has stopped engaging in some of the specific behavior cited in the temporary parenting time order, such as making social media posts regarding this litigation, the court concludes Respondent [Ben] has made minimal efforts to address the underlying issues in his parenting choices. Respondent [Ben] presented almost no evidence that he has engaged in effective therapeutic treatment. Further, Respondent [Ben] continues to display patterns consistent with narcissistic behavior, including speaking in grandiose terms, prioritizing himself over others, failing to acknowledge his behavior, and showing a resistance to therapy. Therefore, the court has no significant evidence on which to base a conclusion that Respondent [Ben] no longer seriously endangers the child's mental and emotional health.

(Bold-face emphasis original.)

On February 10, 2023, Ben filed a motion pursuant to CR[3] 59.05 to alter, amend, or vacate the court's January 31, 2023, Order, which the family court denied by its Order entered on March 28, 2023. On March 28, 2023, Ben filed a notice of appeal to this Court from the Order of January 31, 2023.

On appeal, Ben argues that "the trial court's continuation of the indefinite temporary restriction reducing visitation by 99% of Appellant's regular parenting time is an abuse of discretion."

> Trial courts retain broad discretion in modifying visitation awards. Due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. Under the established standard of review, we will only reverse a trial court's determinations as to visitation if they constitute a manifest abuse of discretion, or were clearly erroneous in light of the facts and circumstances of the case. The test is not whether we as an appellate court would have decided the matter differently, but whether the trial court's rulings were clearly erroneous or constituted an abuse of discretion. The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.

*Moore v. Moore*, 626 S.W.3d 535, 539 (Ky. 2021) (cleaned up). "If the factual findings underlying the court's determination are supported by substantial evidence, we may not interfere with the family court's exercise of its discretion." *Hempel v. Hempel*, 380 S.W.3d 549, 551 (Ky. App. 2012).

---

[3] Kentucky Rules of Civil Procedure.

In the case before us, the family court's meticulous factual findings are amply supported by substantial evidence. We find no abuse of discretion. Indeed, we conclude that the trial court exercised sound discretion in denying Ben's motion.

Accordingly, we affirm.


ALL CONCUR.


BRIEF FOR APPELLANT:

Benjamin G. Dusing, *pro se*
Fort Wright, Kentucky

BRIEF FOR APPELLEE:

Stephanie A. Dietz
Jonathan D. Thiel
Edgewood, Kentucky